## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CITIZENS FOR RESPONSIBILITY** | ) | |
| **AND ETHICS IN WASHINGTON,** | ) | |
| 1101 K Street, N.W., Suite 201 | ) | |
| Washington, D.C.  20005 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE,** | ) | |
| 950 Pennsylvania Ave., N.W. | ) | |
| Washington, D.C.  20530 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive,

declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in

Washington ("CREW") challenges the failure of the U.S. Department of Justice ("DOJ") to

disclose to CREW records pertaining to the views DOJ's Office of Legal Counsel ("OLC")

provided Attorney General William Barr on whether the evidence developed by Special Counsel

Robert Mueller is sufficient to establish that President Donald Trump committed an obstruction-

of-justice offense.

2.      This case seeks declaratory relief that DOJ is in violation of the FOIA, 5 U.S.C. §

552(a)(6)(E)(i), and DOJ's regulations, 28 C.F.R. § 16.5(e), for refusing to grant CREW's

expedited request for records and for injunctive relief ordering defendant DOJ to process and

release to CREW immediately the requested records in their entirety.

## Jurisdiction and Venue

3.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

4.      Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5.      Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. Defendant and its component OLC have possession and control of the requested records and are responsible for fulfilling plaintiff's FOIA request.

## Statutory and Regulatory Background

6.      The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7.      An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records

it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8.    The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at § 552(a)(6)(E)(v)(II).

9.    DOJ's FOIA regulations provide for expedition for, among other things, "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Requesters seeking expedition under this subsection must submit their expedition request to DOJ's Director of Public Affairs. 28 C.F.R. § 16.5(e)(2).

10.    Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). DOJ regulations mirror this requirement. 28 C.F.R. § 16.5(e)(4).

11.    An agency's failure to respond within 10 calendar days to a request for expedition is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(E)(iii).

12.    Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).

**Factual Background**

13.    On April 18, 2019, Attorney General Barr took the unprecedented step of holding a press conference in advance of his release to Congress and the public of the two-volume report on the investigation into Russian interference in the 2016 presidential election prepared by Special Counsel Mueller. During that press conference the Attorney General discussed his decision – not shared by Special Counsel Mueller –  that President Trump had not obstructed the Special Counsel's investigation. The Attorney General explained he made his decision "[a]fter carefully reviewing the facts and legal theories outlined in the report." He further stated that the OLC was among those he had consulted before reaching his conclusion "that the evidence developed by the Special Counsel is not sufficient to establish that the President committed an obstruction-of-justice offense."

14.    On April 18, 2019, CREW sent a FOIA request by email to DOJ's Office of Legal Counsel requesting copies of all documents pertaining to the views OLC provided Attorney General Barr on whether the evidence developed by Special Counsel Mueller is sufficient to establish that the President committed an obstruction-of-justice offense.

15.    CREW sought a waiver of fees associated with processing its request. CREW explained that the requested records likely will shed light on the legality and reasonableness of the Attorney General's conclusions and whether he was acting as a personal counsel for the President or on behalf of the United States in making his decision that the President had not obstructed justice. CREW explained that because the Attorney General had so directly and significantly placed his hand on the scales of justice in making and announcing his declination decision, the public deserves to know the full basis for that decision.

16.     CREW also sought expedition of its request from DOJ's Office of Public Affairs because the request's subject matter is of widespread and exceptional media interest and the requested information involves possible questions of the government's integrity that affect public confidence. As CREW explained, the Attorney General's repeated efforts to spread misinformation about the Mueller Report and its findings, particularly with respect to the issue of whether President Trump obstructed justice, raise serious concerns that the process undertaken by the Special Counsel has been tainted in an effort to protect the President rather than the American public.

17.     By letter date April 26, 2019, OLC advised CREW that the Office of Public Affairs had denied CREW's request for expedited processing based on the judgment of its Director that the topic of CREW's FOIA request is not a matter in which there exist possible questions about the government's integrity that affect public confidence.

18.     DOJ further advised CREW that it was unable to comply with the FOIA's 20-day deadline for responding to the request and stated only that it would respond "as soon as practicable."

19.     To date, CREW has received no further response from DOJ.

20.     CREW has now exhausted all applicable administrative remedies with respect to its FOIA request of OLC.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records)

21.     Plaintiff repeats and re-alleges paragraphs 1-20.

22.     Plaintiff properly asked for records within the custody and control of DOJ.

23.     Defendant DOJ wrongfully withheld agency records requested by plaintiff by

failing to comply with the statutory time limits for making a determination on both expedited and non-expedited FOIA requests, and by withholding from disclosure records responsive to plaintiff's FOIA request of OLC.

24.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records.

## CLAIM TWO
### (Failure to Grant Expedition)

19.     Plaintiff properly asked that DOJ expedite the processing of plaintiff's FOIA request, which seeks agency records within the custody and control of DOJ, based on its showing of widespread and exceptional media interest in the requested information, which involves possible questions of the government's integrity that affect public confidence.

20.     Defendant DOJ refused to CREW's request for expedition, contrary to the factual and legal showing CREW made demonstrating its entitlement to expedition.

23.     Plaintiff has exhausted all applicable administrative remedies with respect to defendant's failure to make a determination on plaintiff's request for expedition.

24.     Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1)     Order defendant Department of Justice to immediately and fully process plaintiff's April 18 expedited FOIA request and disclose all non-exempt documents immediately to plaintiff;

(2)     Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3)     Provide for expeditious proceedings in this action;

(4)     Retain jurisdiction of this action to ensure no agency records are wrongfully

withheld;

(5)     Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Anne L. Weismann
(D.C. Bar No. 298190)
Adam J. Rappaport
(D.C. Bar No. 479866)
Citizens for Responsibility and Ethics
     in Washington
1101 K Street, N.W., Suite 201
Washington, D.C.  20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020
aweismann@citizensforethics.org

Dated:  May 28, 2019          *Attorneys for Plaintiff*

7