**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

      Plaintiff,

  v.                              Case No. 1:19-cv-1552 (ABJ)

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

**<u>MEMORANDUM IN SUPPORT OF
DEFENDANT'S PARTIAL MOTION TO DISMISS</u>**

## INTRODUCTION

Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW") filed this lawsuit against the Department of Justice ("DOJ" or "Department") seeking expedited processing of a Freedom of Information Act ("FOIA") request plaintiff submitted to the Office of Legal Counsel ("OLC"), a DOJ component.  Pursuant to DOJ's FOIA regulations, plaintiff sought expedited processing of its request, submitting its justification to OLC and to the Department's Office of Public Affairs ("OPA").  DOJ denied plaintiff's expedition request within the ten-day statutory timeframe.  DOJ's FOIA regulations provide that a party has 90 days within which to appeal an adverse determination regarding an expedition request, and whenever the appeal is filed, the Department must issue a decision on that appeal "expeditiously."  But rather than appealing the denial administratively, as the FOIA and DOJ's FOIA regulations require, plaintiff instead filed a complaint in federal court seeking an order directing DOJ to process plaintiff's request on an expedited basis.

Plaintiff's claim regarding DOJ's failure to grant expedited processing, Count II of the complaint ("Compl."), should be dismissed.  Long-standing D.C. Circuit case law, as well as the Department's FOIA regulations, require full and timely exhaustion as a prerequisite to filing suit under 5 U.S.C. § 552(a)(4), FOIA's judicial review provision.  Because plaintiff failed to exhaust applicable administrative remedies—the Department's administrative appeal process—it cannot maintain its expedition claim.  Moreover, the existence of three decisions from judges in this district holding otherwise does not change that the D.C. Circuit has never excepted expedition requests from the requirement that administrative remedies be exhausted before a FOIA requester may bring a claim in federal court.  Finally, even if exhaustion were not required, plaintiff's claim should be dismissed because plaintiff failed to demonstrate in its request that it

was entitled to expedited treatment of its FOIA request at the expense of other, earlier-submitted requests waiting in OLC's processing queue.  For all of these reasons, this Court should dismiss Count II.[1]

## BACKGROUND

### I.    STATUTORY AND REGULATORY FRAMEWORK

#### A.  The 1996 FOIA Amendments

Agencies ordinarily process FOIA requests for agency records on a first-in, first-out basis.  In 1996, Congress amended the FOIA to provide for "expedited processing" of certain categories of requests.  *See* Electronic Freedom of Information Act Amendments of 1996, Pub. L. 104-231, § 8, 110 Stat. 3048 (codified at 5 U.S.C. § 552(a)(6)(E)) ("EFOIA").  Expedition, when granted, entitles requestors to move immediately to the front of an agency processing queue, ahead of requests filed previously by other persons not granted expedited processing themselves.

As part of EFOIA, Congress directed agencies to promulgate regulations providing for expedited processing of requests for records.  Specifically, Congress directed agencies to enact regulations providing for expedited processing (i) "in cases in which the person requesting the records demonstrates a compelling need," 5 U.S.C. § 552(a)(6)(E)(i)(I); and (ii) "in other cases determined by the agency."  *Id.* § 552(a)(6)(E)(i)(II); *Al-Fayed v. Cent. Intelligence Agency*, 254 F.3d 300, 307 n.7 (D.C. Cir. 2001) (noting that § 552(a)(6)(E)(i)(II) gives agencies "'latitude to

---

[1] Count I of the complaint asserts a claim under the FOIA seeking relief for the withholding of documents pursuant to the specific request named in the complaint, *see* Compl. ¶¶ 21-24. Thus, while defendant moves to dismiss the claim pled under Count II relating to plaintiff's request for expedited processing, it does not seek to dismiss Count I, which appropriately states a claim under the FOIA for the requested documents.

expand the criteria for expedited access' beyond cases of 'compelling need'") (quoting

Electronic Freedom of Information Amendments of 1996, H.R. Rep. No. 104-795, at 26 (1996),

*reprinted in* 1996 U.S.C.C.A.N 3448, 3469, 1996 WL 532690)).

In enacting EFOIA, Congress specified that the expedited processing categories should

be "narrowly applied." *Al-Fayed*, 254 F.3d at 310 (quoting H.R. Rep. No. 104-795, at 26). As

the D.C. Circuit explained in *Al-Fayed*,

> Congress' rationale for a narrow application is clear: "Given the finite resources
> generally available for fulfilling FOIA requests, unduly generous use of the
> expedited processing procedure would unfairly disadvantage other requestors who
> do not qualify for its treatment." . . . Indeed, an unduly generous approach would
> also disadvantage those requestors who do qualify for expedition, because
> prioritizing all requests would effectively prioritize none.

*Id.* (quoting H.R. Rep. No. 104-795, at 26).

Congress also instructed agencies to "ensure" in their regulations (i) that determinations

whether to provide expedited processing are made, and notice provided, within 10 days after the

date of the request, *see id.* § 552(a)(6)(E)(ii)(I); and (ii) "expeditious consideration of

administrative appeals of such determinations of whether to provide expedited processing." *Id.*

§ 552(a)(6)(E)(ii)(II). The requestor bears the burden of showing that expedition is appropriate.

*Al-Fayed*, 254 F.3d at 305 n.4 (citing 5 U.S.C. § 552(a)(6)(E)(i)(I) and H.R. Rep. No. 104-795,

at 25). Expedition decisions are subject to judicial review in accordance with § 552(a)(6)(E)(iii),

which states:

> Agency action to deny or affirm denial of a request for expedited processing
> pursuant to this subparagraph, and failure by an agency to respond in a timely
> manner to such a request shall be subject to judicial review under [5 U.S.C.
> § 552(a)(4)], except that the judicial review shall be based on the record before
> the agency at the time of the determination.

5 U.S.C. § 552(a)(6)(E)(iii). Section 552(a)(4), the cross-referenced provision, is the general

FOIA provision authorizing judicial review of agency decisions to withhold records from FOIA requestors.  *See id.* § 552(a)(4)(B).  The D.C. Circuit has long held that full and timely exhaustion of administrative remedies is a prerequisite to judicial review under § 552(a)(4).  *See*, *e.g.*, *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-62, 71 (D.C. Cir. 1990).

The standard for reviewing agency decisions to deny expedition depends on the ground for decision.  A decision denying expedited processing for failure to establish "compelling need" under § 552(a)(6)(E)(i)(I) is reviewed *de novo*.  *See Al-Fayed*, 254 F.3d at 307-08.  A decision denying expedited processing for failure to meet criteria established by an agency under § 552(a)(6)(E)(i)(II), however, is reviewed under a more deferential "reasonableness" standard.  *See Al-Fayed*, 254 F.3d at 307 n.7 (noting that, "to the extent th[]e [agency FOIA] regulations expand the criteria for expedited processing beyond 'compelling need,' the agencies reasonably determined that plaintiffs' requests did not meet the expanded criteria").[2]

### B.  Department of Justice Regulations

DOJ implemented EFOIA by final rule effective July 1, 1998.  *See* Revision of Freedom of Information Act and Privacy Act Regulations and Implementation of Electronic Freedom of Information Act Amendments of 1996, 63 Fed. Reg. 29,591 (1998) (to be codified at 28 C.F.R. pts. 16 & 50).  In 2015, DOJ revised these regulations to incorporate certain changes made to

---

[2] Some courts have suggested that the "reasonableness" standard should apply only where an agency bases its expedition decision on an "interpretation"—as opposed to an "application"— of its regulations.  *See*, *e.g.*, *Edmonds v. Fed. Bureau of Investigation*, No. 02-1294, 2002 WL 32539613, at *3 n.3 (D.D.C. Dec. 3, 2002).  In *Al-Fayed*, however, the D.C. Circuit appeared to use "interpretation" synonymously with "application," *see* 254 F.3d at 307 n.7, which is consistent with Congress's decision to delegate to agencies the "latitude to expand the criteria for expedited access."  *See* H.R. Rep. No. 104-795, at 26.  Moreover, it is not clear whether there is any meaningful difference between "interpretation" and "application" in this context. *See Consarc Corp. v. U.S. Treasury Dep't, Office of Foreign Assets Control*, 71 F.3d 909, 915 (D.C. Cir. 1995).

FOIA by the OPEN Government Act of 2007, Pub. L. 110–175, 121 Stat. 2524 (2007), and to "update and streamline the language of several procedural provisions" and "reflect developments in the case law." *See* Revision of Department's Freedom of Information Act Regulations, 80 Fed. Reg. 18,099 (Apr. 3, 2015) (to be codified at 28 C.F.R. pt. 16). In 2017, DOJ again revised these regulations to incorporate certain changes made to FOIA by the FOIA Improvement Act of 2016, Pub. L. 114-185, 130 Stat. 538 (2016). *See* Department of Justice Freedom of Information Act Regulations, 84 Fed. Reg. 16,775 (Apr. 23, 2019) (to be codified at 28 C.F.R. pt. 16). DOJ's regulations provide that "[r]equests and appeals" will be taken out of order and "processed on an expedited basis whenever it is determined that they involve":

(i)    Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;

(ii)   An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information;

(iii)  The loss of substantial due process rights; or

(iv)   A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence.

28 C.F.R. § 16.5(e)(1). Categories (i) and (ii) implement the statutory "compelling need" standard; categories (iii) and (iv) define additional categories for expedition. *See* 63 Fed. Reg. at 29,592.

As Congress recognized, agency decisions regarding expedited processing depend on "factual and subjective judgments about the circumstances cited by requestors to qualify them for 'expedited processing.'" H.R. Rep. No. 104-795, at 26. Accordingly, DOJ requires requestors to "explain[] in detail the basis for making the request for expedited processing." 28

C.F.R. § 16.5(e)(3); *see also* H.R. Rep. No. 104-795, at 26 ("the requestors will need to explain

in detail their basis for seeking such treatment").   Requests for expedition based on category

(iv)—the Department's "special media-related standard" (*see* 63 Fed. Reg. at 29,592)—are

submitted to the Director of OPA.  *See* 28 C.F.R. § 16.5(e)(2).  This enables "the Department's

media specialists [to] deal directly with matters of exceptional concern to the media."  63 Fed.

Reg. at 29,592.

Within ten calendar days of receiving a request for expedited processing, the component

must "notify the requestor . . . of its decision whether to grant or deny expedited processing."  28

C.F.R. § 16.5(e)(4); *see also* 5 U.S.C. § 552(a)(6)(E)(ii)(I) (requiring notice of decision within ten

days of request).  If the request is granted, "the request shall be given priority, . . . and shall be

processed as soon as practicable."  28 C.F.R. § 16.5(e)(4).  If the request is denied, "any appeal of

that decision shall be acted on expeditiously."  *Id.*; *see also* 5 U.S.C. § 552(a)(6)(E)(ii)(II)

(requiring "expeditious consideration of administrative appeals of such determinations of

whether to provide expedited processing").

Denials of requests for expedited processing are included among the "adverse

determinations" subject to 28 C.F.R. § 16.6(d).  Section 16.6(d) requires that such adverse

determinations be in writing, *see id.*, include "[a] brief statement of the reasons for the denial,"

*id.* § 16.6(e)(2), and inform the requestor of his or her appeal rights under 28 C.F.R. § 16.8(a).

*See id.* § 16.6(e)(4).  Section 16.8(a), in turn, requires requestors to appeal any "adverse

determination[]" to the Department's Office of Information and Privacy ("OIP") within ninety

days of the date of the denial letter.  *See id.* § 16.8(a).  If OIP affirms the adverse determination,

its decision "will contain a statement that identifies the reasons for the affirmance," "provide . . .

notification of the statutory right to file a lawsuit," and "inform the requester of the mediation

6

services offered by the Office of Government Information Services of the National Archives and Records Administration as a non-exclusive alternative to litigation." *Id.* § 16.8(c).  Section 16.8(e) expressly notifies requestors that "[b]efore seeking review by a court of a component's adverse determination, a requester generally must first submit a timely administrative appeal." *Id.* § 16.8(e).

## II.      FACTUAL AND PROCEDURAL HISTORY

### A. Plaintiff's FOIA Request

On April 18, 2019, plaintiff submitted a FOIA request to DOJ's Office of Legal Counsel ("OLC") seeking "all documents pertaining to the views OLC provided Attorney General William Barr on whether the evidence developed by Special Counsel Robert Mueller is sufficient to establish that the President committed an obstruction-of-justice offense."  Ex. 1 at 1.

Plaintiff's request noted that on that same day, April 18, 2019, Attorney General Barr held "a press conference in advance of his release to Congress and the public of the Mueller Report" during which he "discussed his decision that President Donald Trump had not obstructed the Special Counsel's investigation, which he explained was made '[a]fter carefully reviewing the facts and legal theories outlined in the report.'"  *Id.* at 2.  The request also notes that during the press conference, Barr "further stated that the OLC was among those he had consulted before reaching his conclusion 'that the evidence developed by the Special Counsel is not sufficient to establish that the President committed an obstruction-of-justice offense.'"  *Id.*  Finally, in the request, plaintiff explained its basis for seeking the requested records accordingly:

> The Attorney General's repeated efforts to spread misinformation about the Mueller Report and its findings, particularly with respect to the issue of whether President Trump obstructed justice, raise serious concerns that the process undertaken by the Special Counsel has been tainted in an effort to protect the President rather than the American public.  The requested records will shed light on the legality and reasonableness of the Attorney General's conclusions and

7

whether he was acting as a personal counsel for the President or on behalf of the United States. Because the Attorney General has so directly and significantly placed his hand on the scales of justice in making and announcing his declination decision, the public deserves to know the full basis for that decision.

*Id.*

With plaintiff's FOIA request, plaintiff also submitted to the Director of OPA a request for expedited processing. Ex. 1 at 3; Ex. 2. Although plaintiff did not cite the specific regulatory provision pursuant to which it requested expedited processing, the language of the FOIA request and the request for expedited processing makes clear that plaintiff requested expedited processing only pursuant to DOJ regulation 28 C.F.R. § 16.5(e)(1)(iv) (the "media-related" standard) based on plaintiff's belief that "the subject matter [of the request] is of widespread and exceptional media interest and the requested information involves possible questions about the government's integrity that affect public confidence." Ex. 1 at 3; *see also* Ex. 2 at 1. In both its FOIA request and its request for expedited processing, the only media source plaintiff identified was a page on CNN's website containing "a copy of [Attorney General Barr's] full remarks as prepared for delivery" at the April 18, 2019 press conference. *See* Ex. 1 at 2 (*citing* CNN, *Read: Attorney General William Barr's prepared remarks about the release of the redacted Mueller report*, CNN (Apr. 18, 2019), https://www.cnn.com/2019/04/18/politics/barr-mueller-report-presser/index.html); Ex. 2 at 1 (same).

In a letter dated April 26, 2019, OLC informed plaintiff that OPA had denied its request for expedited processing based on a determination that "the topic of [the] request is not . . . '[a] matter . . . in which there exist possible questions about the government's integrity that affect public confidence.'" Ex. 3 at 1 (citing 28 C.F.R. § 16.5(e)(l)(iv)); *see also* Compl. ¶ 17. The letter additionally advised plaintiff of its right to an administrative appeal, as provided in 28 C.F.R. § 16.8(a), as well as the mechanism for doing so, *id.* The Department's regulations

governing administrative appeals note that "[b]efore seeking review by a court of a component's adverse determination, a requester generally must first submit a timely administrative appeal." *Id.* § 16.8(e).  Plaintiff does not allege that it submitted an administrative appeal of the denial of its request for expedited processing.

### B.  The Instant Lawsuit

On May 28, 2019, plaintiff filed the present lawsuit seeking access to the records requested in its April 18, 2019 FOIA request.  Compl. ¶¶ 22-24.  In Count I, plaintiff asserts that "DOJ wrongfully withheld agency records requested by the plaintiff by failing to comply with the statutory time limits . . . and by withholding from disclosure records responsive to plaintiff's FOIA request of OLC."  *Id.* ¶ 23.  In Count II, plaintiff asserts that it "properly asked" for expedited processing of its FOIA request, that DOJ denied plaintiff's request "contrary to the factual and legal showing CREW made demonstrating its entitlement to expedition," and that plaintiff "exhausted all applicable administrative remedies with respect to defendant's failure to make a determination on plaintiff's request for expedition."  *Id.* at 6 (second set of paragraphs numbered 19-20 & 23).  On the basis of both counts, plaintiff asserts that it "is entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the requested records."  *Id.* ¶ 24; *see also id.* at 6 (second paragraph numbered 24).  Plaintiff asks the Court to "[o]rder defendant Department of Justice to immediately and fully process plaintiff's April 18 expedited FOIA request and disclose all non-exempt documents immediately to plaintiff," "[i]ssue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records," and "[p]rovide for expeditious proceedings in this action."  *Id.* at 6-7 (Requested Relief).

## STANDARD OF REVIEW

The defendant moves to dismiss Count II of the complaint for failure to state a claim upon which relief may be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint satisfies the plausibility standard when the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the sufficiency of the complaint, the Court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Under the FOIA, review of agency decisions to deny expedition is limited to "the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii); *see Am. Oversight v. U.S. Dep't of Justice*, 292 F. Supp. 2d 501, 505-06 (D.D.C. 2018).

## ARGUMENT

Count II should be dismissed because plaintiff failed to exhaust applicable administrative remedies. Even if exhaustion were not required, however, this claim should be dismissed because plaintiff has failed to adequately allege that it was entitled to expedited processing.

I.    **PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.**

    **A.  The FOIA Statute and DOJ FOIA Regulations Require Administrative Exhaustion as to Expedition Requests**.

It is well established that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." *Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 676 (D.C. Cir. 2004) (internal quotations and citation omitted); *see also Hall & Assocs. v. U.S. Envtl. Prot. Agency*, 77 F. Supp. 3d 40, 45 (D.D.C. 2014) ("'It goes without saying that exhaustion of remedies is required in FOIA cases.'" (quoting *Dettmann v. U.S. Dep't of Justice,* 802 F.2d 1472, 1476 (D.C. Cir. 1986))).  Although "the exhaustion requirement is not jurisdictional" in the FOIA context, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), "it is settled in this Circuit that . . . exhaustion [of an agency's FOIA appeal procedures] is a condition precedent to the bringing of a FOIA action." *See Flaherty v. President of the U.S.*, 796 F. Supp. 2d 201, 207 (D.D.C. 2011); *see also Oglesby*, 920 F.2d at 61–62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.").  In light of this clear Circuit precedent, courts in this district generally find that a FOIA lawsuit cannot proceed if the agency has made a determination regarding the plaintiff's FOIA request but the plaintiff failed to administratively appeal the agency's response.  *See, e.g.*, *Freedom Watch, Inc. v. Nat'l Sec. Agency*, 134 F. Supp. 3d 437, 439 (D.D.C. 2015) (dismissing FOIA claim where plaintiff admitted it had not appealed agency's response to its FOIA request and thereby had not exhausted its administrative remedies); *Freedom Watch, Inc. v. Cent. Intelligence Agency*, 895 F. Supp. 2d 221, 227–28 (D.D.C. 2012) (same); *Citizens For Responsibility & Ethics in Wash. v. Dep't of the Interior*, 503 F. Supp. 2d 88, 101 (D.D.C. 2007) (granting agency's motion for judgment on the pleadings

where the plaintiff failed to appeal FOIA requests); *see also Rosenberg v. U.S. Dep't of Immigration & Customs Enforcement*, 956 F. Supp. 2d 32, 39 n.5 (D.D.C. 2013) ("*Rosenberg v. ICE*") (suggesting that plaintiff's claim as to the denial of its expedition request was subject to dismissal for failure to exhaust administrative remedies because "the [p]laintiff arguably failed to exhaust his administrative remedies even as to his request for expedited processing" where the plaintiff's appeal "failed to comply with the agency's regulations governing requests for expedited treatment of appeals," but assuming without deciding that plaintiff had exhausted its administrative remedies as to its expedition request); *accord* 28 C.F.R. § 16.8 (DOJ regulation implementing FOIA's exhaustion requirement administratively).[3]

Because the D.C. Circuit has stated that exhaustion under FOIA is a "jurisprudential doctrine," not a "jurisdictional prerequisite," *Hidalgo*, 344 F.3d at 1258-59 (quotation and citation omitted), the court has considered "the purposes of exhaustion" and the "particular administrative scheme" in determining whether to require exhaustion in FOIA cases. *Id.* (quotation and citation omitted). FOIA's exhaustion requirement serves many "essential" purposes. *See DeBrew v. Atwood*, 792 F.3d 118, 124 (D.C. Cir. 2015). And as the D.C. Circuit explained in *Hidalgo*, a case involving a FOIA requestor who failed to appeal administratively a DOJ component's decision to withhold records:

> permitting [plaintiff] to pursue judicial review without benefit of prior OIP consideration would undercut "the purposes of exhaustion, namely, 'preventing premature interference with agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [or] compil[ing]

---

[3] There is one exception to this rule. A requestor may "constructively" exhaust administrative remedies if an agency fails timely to respond to a FOIA request and the requestor sues before the agency cures its failure to respond. *See*, *e.g.*, *Oglesby*, 920 F.2d at 63-66. Because OLC responded to plaintiff's request for expedited processing within the statutory timeframe (and before plaintiff filed suit), there is no question of constructive exhaustion on the expedition issue here.

a record which is adequate for judicial review.'"

344 F.3d at 1259 (D.C. Cir. 2003) (alteration in original) (quoting *Ryan v. Bentsen*, 12 F.3d 245,

247 (D.C. Cir. 1993)) (in turn quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

EFOIA specifically requires agencies to promulgate regulations ensuring expedited

appellate review of decisions whether or not to expedite handling of FOIA requests.  *See* 5

U.S.C. § 552(a)(6)(E)(ii)(II).  As explained *supra* at 4-7, DOJ has enacted regulations

specifically governing appeals to OIP of expedition denials.  Under the regulations, denials of

expedited processing treatment are "adverse determinations," 28 C.F.R. § 16.6(d), subject to the

Department's administrative appeal process, *id.* § 16.8, and OIP must resolve such appeals

"expeditiously."  *Id.* § 16.5(e)(4).  The regulations specifically inform requestors that "[b]efore

seeking review by a court of a component's adverse determination, a requester generally must

first submit a timely administrative appeal."  *Id.* § 16.8(e).

Plaintiff does not allege that it appealed the denial of its expedition request

administratively to OIP, or otherwise.  *See* Compl. ¶ 17, 20 (alleging that by letter dated April

26, 2019, OLC advised plaintiff that OPA had denied request for expedition, and alleging that

plaintiff "has now exhausted all applicable administrative remedies with respect to its FOIA

request of OLC," but nowhere alleging that it filed an administrative appeal to OIP).  As a result

of this deficiency, plaintiff's claim arising out of the agency's denial of its request for expedited

processing must be dismissed under Rule 12(b)(6).  *See Hidalgo*, 344 F.3d at 1260 (vacating

district court's grant of summary judgment to defendant and remanding with instructions "to

dismiss the complaint under [Rule 12(b)(6)] for failure to exhaust administrative remedies").

Under the text of the EFOIA amendments, exhaustion of expedition denials is required.

For example, Section 552(a)(6)(E)(ii)(II) expressly requires agencies to enact regulations

"ensur[ing] . . . expeditious consideration of administrative appeals of such determinations of whether to provide expedited processing."  5 U.S.C. § 552(a)(6)(E)(ii)(II).  It is hard to see why Congress would have required agencies to engage in rulemaking and establish expedited appeal procedures if requestors could simply bypass those procedures and head straight to court.

EFOIA also expressly "directs that [§ 552(a)(4)] shall govern review of denials of expedition with only one exception" regarding the record on which judicial review shall be based.  *Al-Fayed*, 254 F.3d at 305 (citing 5 U.S.C. § 552(a)(6)(E)(iii), and noting that § 552(a)(6)(E) "states that the denial of expedition 'shall be subject to judicial review under [§ 552(a)(4)], *except that* the judicial review shall be based on the record before the agency at the time of the determination'").  As explained above, the D.C. Circuit has long held that FOIA plaintiffs must exhaust administrative remedies before filing suit under § 552(a)(4).  *See, e.g.*, *Wilbur*, 355 F.3d at 676; *Oglesby*, 920 F.2d at 61–62; *Flaherty*, 796 F. Supp. 2d at 207.  Indeed, the Court of Appeals requires exhaustion in part because "[t]he statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request."  *Oglesby*, 920 F.2d at 61 (citing 5 U.S.C. § 552(a)(6)(A)(i), (ii)); *see also Cole v. Dep't of Justice*, 905 F. Supp. 2d 293, 296 (D.D.C. 2012) (quoting *Oglesby*, 920 F.2d at 61).  So, too, EFOIA specifically requires agencies to enact regulations ensuring (i) that determinations of whether to provide expedited processing are made and notice provided within ten days after the date of the request and (ii) "expeditious consideration" of administrative appeals of such determinations.  *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I), (II).

Requiring appeals of expedition decisions when an agency responds before suit is filed also serves the important policies underlying FOIA's exhaustion requirement.  *See DeBrew*, 792 F.3d at 124 (requiring plaintiff to exhaust "is consistent with, indeed essential to, accomplishing

14

the 'purposes of exhaustion'") (quoting *Hidalgo*, 344 F.3d at 1259); *Hidalgo*, 344 F.3d at 1258-

59 (failure to exhaust precludes review if the "'purposes of exhaustion' and the 'particular

administrative scheme' support such a bar") (internal citation omitted).  For example, requiring

exhaustion would "prevent[] premature interference with agency processes," *DeBrew*, 792 F.3d

at 124 (internal citations and quotations omitted), "compil[e] a record which is adequate for

judicial review," *Hidalgo*, 344 F.3d at 1259 (internal citations and quotations omitted), and

preserve the "agency's power to correct or rethink initial misjudgments or errors." *Id.* at 1260

(internal citation and quotation omitted); *see also Dettmann*, 802 F.2d at 1476-77 n.8 (discussing

other policies underlying exhaustion requirement).  Requiring exhaustion also is particularly

appropriate here, given that OLC and OPA invested time and resources into responding within

the ten-day statutory time frame.  *Cf. Oglesby*, 920 F.2d at 64.

### B.  The Few District Court Cases Holding That Administration Exhaustion is Not Required as to Expedition Requests Are Mistaken.

Although the D.C. Circuit has never excepted expedition requests from the requirement

that administrative remedies be exhausted before a FOIA requester may bring a claim in federal

court, in a handful of decisions issued over fifteen years ago, three judges in this district held

otherwise.  We respectfully submit that those decisions misread Circuit precedent and the FOIA

statute and are, in any event, not binding on this Court.

In the district court decision that gave rise to the appeal in *Al-Fayed*, the court held that

administrative exhaustion was not required before a FOIA requester could seek judicial review

of an agency's denial of a request for expedited processing.  *See Al-Fayed v. Cent. Intelligence

Agency*, Civ. No. 00-2092, 2000 WL 34342564, at *3 (Sept. 20, 2000) (Kollar-Kotelly, J.).

Importantly, the district court in *Al-Fayed* did not discuss long-standing D.C. Circuit case law

requiring exhaustion under FOIA, or agency regulations, such as DOJ's, specifically requiring

exhaustion in the expedition context.  The government appealed, but the case was decided on other grounds.  *See Al-Fayed*, 254 F.3d 300.

In *Electronic Privacy Information Center v. U.S. Dep't of Justice*, 322 F. Supp. 2d 1, 3 (D.D.C. 2003) ("*EPIC v. DOJ*") (Robertson, J.), the court adopted the reasoning of the district court in *Al-Fayed*.  *See EPIC v. DOJ*, 322 F. Supp. 2d at 3 (citing *Al-Fayed*, 2000 WL 34342564 at *2, and agreeing with the finding in *Al-Fayed* that "nothing in the 1996 Amendments or their legislative history support[s] the . . . argument that administrative appeals were required in order to exhaust administrative remedies before seeking judicial review of denials of expedited processing").  The district court's decision was vacated on appeal.  *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Justice*, No. 04-5063, 2004 WL 2713119, at *1 (Nov. 24, 2004) (granting parties' joint motion to dismiss appeal as moot and vacate the district court judgment); *see also Elec. Privacy Info. Ctr. v. Dep't of Def.*, 355 F. Supp. 2d 98, 101 n.3 (D.D.C. 2004) ("*EPIC v. DOD*") (noting that *EPIC v. DOJ* was vacated by the D.C. Circuit and, as a result, "the lower decision is no longer good law").

Finally, in *American Civil Liberties Union v. U.S. Department of Justice*, 321 F. Supp. 2d 24 (D.D.C. 2004) ("*ACLU v. DOJ*") (Huvelle, J.), the court adopted the reasoning of *Al-Fayed* and *EPIC v. DOJ*.  *See ACLU v. DOJ*, 321 F. Supp. 2d at 28-29 (citing *Al-Fayed*, 2000 WL 34342564 at *2, and *EPIC v. DOJ*, 322 F. Supp. 2d at 3, and agreeing with the finding in *Al-Fayed* that the statutory language "'clearly indicates that judicial review is appropriate at either of two moments: when the agency has denied a request for expedited processing, or when the agency has, upon administrative appeal, affirmed the denial of such a request'").  Neither party appealed.

Defendants respectfully submit that *Al-Fayed*, and the two district court opinions

following it, were wrongly decided.  In particular, *Al-Fayed* misreads § 552(a)(6)(E)(iii), which, as noted above, authorizes judicial review of "[a]gency action to deny or affirm denial of a request for expedited processing pursuant to this subparagraph, and failure by an agency to respond in a timely manner to such a request."  5 U.S.C. § 552(a)(6)(E)(iii).  Contrary to the analysis in *Al-Fayed*, this section contemplates judicial review in not two, but three circumstances: (i) where the agency denies expedited processing, the requestor appeals, and the agency does not timely respond to the appeal ("agency action to deny"); (ii) where the agency denies expedited processing, the requestor appeals, and the agency affirms the denial on appeal ("agency action to . . . affirm denial"); and (iii) where the agency does not respond to a request for expedited processing within the statutory timeframe and plaintiff files suit before receiving a response, in other words, constructive exhaustion ("failure by an agency to respond in a timely manner").  These three scenarios are consistent with the D.C. Circuit's description of exhaustion in *Oglesby*.  *See* 920 F.2d at 65-66 ("Where, as discussed below, appellant has not constructively exhausted his claims, he must appeal to the agencies within 60 days from the date of the district court's order on remand from this court.  Following his administrative appeals, or if the agencies do not respond within twenty days of the appeal, the appellant will be deemed to have fully exhausted his administrative remedies and may bring suit.") (footnote omitted).  Moreover, this is the only reading consistent with § 552(a)(6)(E)(ii)(II) (which commands agencies to create an administrative appeal process for resolving expedition appeals "expeditious[ly]"), the DOJ regulations implementing § 552(a)(6)(E)(ii)(II), and the long line of cases requiring exhaustion as a condition precedent to invoking FOIA's judicial review provision.  *See also Al-Fayed*, 254 F.3d at 305 (noting that 5 U.S.C. § 552(a)(6)(E)(iii) "directs that [§ 552(a)(4)] shall govern review of denials of expedition with only one exception" regarding the record on which judicial

review shall be based).

And while it is true, as the *Al-Fayed* court suggested, 2000 WL 34342564 at *2, that EFOIA's legislative history does not refer to exhaustion, that silence cuts in favor of, not against, an exhaustion requirement.  Congress, in 1996, was legislating against a long and consistent history of courts requiring exhaustion under FOIA.  *See*, *e.g.*, *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C. Cir. 1985); *Crooker v. U.S. Secret Serv.*, 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Congress would not likely have departed from this highly developed case law without some acknowledgment it was doing so; if anything, therefore, the absence of any reference in the legislative history to exhaustion suggests Congress intended that established practice prevail.[4]  *Cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 733 (1975) (finding that "[t]he longstanding acceptance by the courts" of a reasonable interpretation of a statute, "coupled with Congress' failure to reject [that] interpretation . . . argues significantly in favor of acceptance of [that interpretation] by this Court"); *White v. Mercury Marine, Div. of Brunswick, Inc.*, 129 F.3d 1428, 1434 (11th Cir. 1997) ("Congress is assumed to act with the knowledge of existing case law and interpretations when it passes new legislation").

Significantly, in the most recent, published decision addressed administrative exhaustion for expedition requests, *Rosenberg v. ICE*, Judge Kollar-Kotelly recognized that exhaustion of

---

[4] Nor did that body of case law limit the exhaustion requirement to agency withholding decisions.  For example, the D.C. Circuit had held that a requestor must appeal administratively an agency refusal to waive fees in order to challenge the fee decision in court.  *See Oglesby*, 920 F.2d at 66-67; *see also* 28 C.F.R. 16.6(d) (defining fee waiver denial as an "adverse determination" subject to DOJ administrative appeal process).  Courts require exhaustion in the fee waiver context even though the statute says only: "In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo: *Provided*, That the court's review of the matter shall be limited to the record before the agency."  5 U.S.C. § 552(a)(4)(A)(vii).

administrative remedies as to a request for expedited processing is required before a party may

seek judicial review of a claim relating to that request.  *See* 956 F. Supp. 2d at 39 n.5.  There, on

the basis of the agency's argument that the plaintiff's appeal "failed to comply with the agency's

regulations governing requests for expedited treatment of appeals," the court found that "the

[p]laintiff arguably failed to exhaust his administrative remedies even as to his request for

expedited processing."  *Id.* (citing *Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1312 (D.C.

Cir. 2003) and *Flaherty,* 796 F. Supp. 2d at, 207 for the proposition that "[w]here a request does

not comply with published regulations, the FOIA claim is subject to dismissal for failure to

exhaust administrative remedies.").  Ultimately, however, the court "emphasize[d] that it

assume[d] without deciding" that the "[p]laintiff [had] exhausted his administrative remedies

with respect to his 'request' for expedited processing of his appeal[,]" 956 F. Supp. 2d at 39 n.5,

which the court would have had no need to do had it believed that administrative exhaustion was

not required before seeking judicial review of a complaint concerning an expedited processing

request.

Under the plain language of the FOIA, expedition requests are not exempt from the

administrative exhaustion requirement governing FOIA claims.  *See Wilbur*, 355 F.3d at 676

(holding that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit

under FOIA") (internal quotations and citation omitted); *Hall & Assocs.*, 77 F. Supp. 3d at 45

("'It goes without saying that exhaustion of remedies is required in FOIA cases.'" (quoting

*Dettmann,* 802 F.2d at 1476)).  No binding precedent holds otherwise.

For all of these reasons, Count II of plaintiff's complaint should be dismissed for failure

to state a claim because plaintiff failed to exhaust administrative remedies.

## II.      PLAINTIFF FAILED TO SATISFY THE STANDARDS FOR EXPEDITED PROCESSING.

Even if the Court disagrees that plaintiff's failure to exhaust the administrative remedies as to his request for expedited processing requires dismissal of Count II under Rule 12(b)(6), the claim should be dismissed under the same rule because plaintiff failed to adequately allege that it was entitled to expedited processing.

Plaintiff requested expedited processing only under 28 C.F.R. § 16.5(e)(1)(iv), which allows for expedition when OPA determines that the request relates to "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence."  In its letter denying plaintiff's expedited processing request, OLC explained that the Director of OPA denied the request because "in the judgment of the Director of OPA, the topic of your request is not . . . '[a] matter . . . in which there exist possible questions about the government's integrity that affect public confidence.'"  Ex. 3 at 1.

At least three cases decided by courts in this district have examined the standard the Department employs in evaluating requests under § 16.5(e)(1)(iv).  Courts in this district have recognized that DOJ "has interpreted [§ 16.5(e)(1)(iv)] to require that 'the same matter that draws widespread and exceptional media interest must be the matter in which there exists possible questions about the government's integrity that affect public confidence,'" *American Oversight*, 292 F. Supp. 3d at 506, and have "accepted and applied the DOJ's interpretation of [§ 16.5(e)(1)(iv)] to the record before the DOJ at the time of its decision as to the expedited processing request."  *Id.* at 507 (citing *EPIC v. DOJ*, 322 F. Supp. 2d at 5-6, and *ACLU v. DOJ*, 321 F. Supp. 2d at 31).

In *EPIC v. DOJ*, 322 F. Supp. 2d 1, DOJ argued that EPIC was not entitled to expedited processing because the contents of the articles the plaintiff cited did not raise possible questions

about government integrity that would affect public confidence.  In that case, EPIC cited editorials from the New York Times and Washington Post that criticized DOJ actions for "uncomfortably blur[ring] the line between law and politics."  *See* 332 F. Supp. 2d at 6.  The court upheld the Department's decision denying expedition after considering the articles and determining that statements in the editorials were insufficient to show, for example, that a law may have been violated.  *EPIC*, 322 F. Supp. 2d at 5-6.

Similarly, in *ACLU v. DOJ*, 321 F. Supp. 2d 24, the plaintiff sought records related to the government's utilization of a section of the Patriot Act to obtain business records.  OPA looked to the news coverage the plaintiff cited, which included coverage of a speech by the Attorney General, but "argue[d] that the newspaper articles cited by plaintiffs in their request for expedited processing do not suffice to demonstrate a significant amount of media interest in the issue or suggest an improper government act to the detriment of public confidence."  321 F. Supp. 2d at 31.  Although the district court ultimately disagreed with DOJ's reading of the articles cited by the plaintiff, the court nevertheless accepted OPA's approach to the media-related standard in considering whether the articles themselves indicated possible questions of government integrity that affect public confidence.  *Id.* at 32-33.

And just last year, in *American Oversight*, DOJ argued that the plaintiff "failed to meet its burden" under § 16.5(e)(1)(iv) "'because [plaintiff's] request did not demonstrate that the matter attracting media interest . . . was a matter in which there exist possible [ethics] questions, and because the cited media coverage did not indicate any public concern over the questions that American Oversight raised.'"  292 F. Supp. 3d at 506-07.  The court held that DOJ's conclusion that a plaintiff has not met its burden under § 16.5(e)(1)(iv) where the articles plaintiff cites do not raise the possible questions about the government's integrity that affect public confidence

that the plaintiff raises, is "the only conclusion supported by the plain meaning of the rule and

their existing precedent in analyzing it" and "was both reasonable and legally sound." *Am.*

*Oversight*, 292 F. Supp. 2d at 508.[5]

Under this well-accepted standard, plaintiff has failed to demonstrate that it is entitled to

expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).  To the contrary, as to the explanation for

why plaintiff is entitled to expedition provided in plaintiff's expedition request, the complaint

states only:

> CREW also sought expedition of its request from DOJ's Office of Public Affairs
> because the request's subject matter is of widespread and exceptional media
> interest and the requested information involves possible questions of the
> government's integrity that affect public confidence.  As CREW explained, the
> Attorney General's repeated efforts to spread misinformation about the Mueller
> Report and its findings, particularly with respect to the issue of whether President
> Trump obstructed justice, raise serious concerns that the process undertaken by
> the Special Counsel has been tainted in an effort to protect the President rather
> than the American public.

Compl. ¶ 16.  Plaintiff's expedition request contains a substantially similar explanation for why

plaintiff is entitled to expedited processing, and does not include any additional detail regarding

the basis for plaintiff's expedition request.  *See* Ex. 1 at 2 (quoted *supra* at 8).  Because review of

---

[5] Not only is OPA's interpretation of its media-related standard eminently reasonable, its
construction is necessary to comply with Congress's instruction, recognized by the D.C.
Circuit, that the categories of expedited processing should be "narrowly applied."  *Al-Fayed*,
254 F.3d at 310 (quoting H.R. Rep. No. 104–795, at 26).  Requiring that the same matter be a
subject of media interest *and* raise possible questions of government integrity that affect public
confidence is essential to allowing for a narrow construction of the regulation rather than
"prioritizing all requests, [which] would effectively prioritize none."  *Id*.  Under a reading of the
regulation that requires only a finding of "widespread and exception media interest," by
contrast, expedited processing would be available in a whole host of circumstances that the
agency did not anticipate or intend when promulgating the regulation.  A wide variety of
Department actions and decisions are likely to receive media attention.  Under this contrary
reading of the regulation, despite a lack of any indication that a particular action or decision was
inappropriate in any way, DOJ would have to grant expedited processing.  The agency here has
reasonably rejected that alternative reading of the regulation and has instead narrowly construed
it, consistent with the D.C. Circuit's instruction.

agency decisions to deny expedition is limited to "the record before the agency at the time of the

determination," 5 U.S.C. § 552(a)(6)(E)(iii), plaintiff cannot cure this deficiency or otherwise

supplement the record now in litigation.  *See Am. Oversight*, 292 F. Supp. 3d at 505-06; *EPIC v.*

*DOD*, 355 F. Supp. 2d at 101 (finding plaintiff's "failure in its original FOIA to demonstrate that

there is any current public interest in the specific subject of that request" was "fatal" to plaintiff's

challenge to the agency's denial of expedited processing).

Department regulations, moreover, require that a FOIA requestor seeking expedited

processing "explain[] *in detail* the basis for requesting expedited processing."  28 C.F.R.

§ 16.5(e)(3) (emphasis added).  It is plaintiff's burden to demonstrate that expedition is

appropriate through its requests and the information it puts before the agency, and it is based on

that record that DOJ and this Court must review expedition.  *See Al-Fayed*, 254 F.3d at 305 n.4;

5 U.S.C. § 552(a)(6)(E)(iii).  Plaintiff here wholly failed to make such a showing; indeed,

plaintiff's request said little at all beyond quoting Attorney General Barr's prepared remarks at

the April 18, 2019 press conference.  Plaintiff did not identify a single source in support of its

contention that "the subject matter of the request is of widespread and exceptional media interest

and the requested information involves possible questions about the government's integrity that

affect public confidence."  *See* Ex. 1 at 3; Ex. 2 at 1.  Rather, in both its FOIA request and its

request for expedited processing, the only media source plaintiff identified was a page on CNN's

website containing "a copy of [Attorney General Barr's] full remarks as prepared for delivery" at

the April 18, 2019 press conference.  *See* Ex. 1 at 2; Ex. 2 at 1.  Nor did plaintiff assert in its

request or its complaint that Attorney General Barr's prepared remarks at the April 18, 2019

press conference demonstrated that questions of legal ethics had been raised in the media.  In any

event, the media's publication of the Attorney General's prepared remarks at a single press

23

conference is insufficient to demonstrate that plaintiff's request involves a matter that has both drawn widespread media interest and implicates possible questions of government integrity to such an extent that it affects public confidence.

Accordingly, Count II of plaintiff's complaint should be dismissed for failure to state a claim because plaintiff failed to allege facts demonstrating that it is entitled to expedited processing.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Count II of the complaint.

Dated:  July 8, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
Civil Division, Federal Programs Branch

/s/ *Julie Straus Harris*
JULIE STRAUS HARRIS (DC Bar # 1021928)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11514
Washington, D.C. 20005
Tel: (202) 353-7633
Fax: (202) 616-8470
E-mail: julie.strausharris@usdoj.gov

*Counsel for Defendant*