UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
CITIZENS FOR RESPONSIBILITY )
AND ETHICS IN WASHINGTON, )
 )
Plaintiff, )
 )  Civil Action No. 19-1552 (ABJ)
v. )
 )
U.S. DEPARTMENT OF JUSTICE, )
 )
Defendant. )
)

# MEMORANDUM OPINION

Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") has brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the United States Department of Justice ("DOJ"), seeking the production of documents that Attorney General William Barr may have reviewed in advance of his public announcement concerning the report transmitted to him by Special Counsel Robert Mueller. Compl. [Dkt. # 1] ¶¶ 1–2. The complaint contains two counts: the first alleges wrongful withholding of non-exempt records, and the second requests a declaration from the Court, pursuant to 28 U.S.C. §§ 2201 and 2202, that DOJ violated FOIA by refusing to grant expedited processing of its request. *Id*. at ¶¶ 23, 20.

Pending before the Court is defendant's partial motion to dismiss. Def.'s Partial Mot. to Dismiss [Dkt. # 5] ("Def.'s Mot."); Mem. in Supp. of Def.'s Partial Mot. to Dismiss [Dkt. # 5-1] ("Def.'s Mem."). DOJ argues that Count II should be dismissed because CREW failed to exhaust administrative remedies before filing the claim concerning expedition, and because the claim fails on the merits. Def.'s Mem. at 1–2. Plaintiff filed an opposition, Pl.'s Mem. in Opp. to Def.'s

Partial Mot. to Dismiss [Dkt. # 6] ("Pl.'s Opp."), and defendant replied. Def.'s Reply Mem. in Support of Def.'s Partial Mot. to Dismiss [Dkt. # 8] ("Def.'s Reply"). The Court finds that administrative exhaustion was not required, so the claim should not be dismissed. And based on a review of the pleadings, the expedited processing request, and DOJ's denial,[1] it finds that DOJ's denial was not the product of reasoned decision making. Therefore, defendant's partial motion to dismiss will be denied.

**BACKGROUND**

CREW is a "non-profit, non-partisan organization . . . committed to protecting the rights of citizens to be informed about the activities of government officials and agencies." Compl. ¶ 4. It alleges that on April 18, 2019, Attorney General Barr held a press conference in advance of the public release of the Report (the "Report") prepared by Special Counsel Mueller on the investigation into Russian interference in the 2016 election. *Id*. ¶ 13. During that conference, Attorney General Barr "stated 'that the evidence developed by the Special Counsel is not sufficient to establish that the President committed an obstruction-of-justice offense.'" *Id.* at 4, quoting Attorney General Barr's remarks.

Later that day, CREW submitted a FOIA request to DOJ's Office of Legal Counsel ("OLC") seeking "all documents pertaining to the views OLC provided Attorney General Barr on whether the evidence developed by Special Counsel Mueller is sufficient to establish that the President committed an obstruction-of-justice offense." Compl. ¶ 14. CREW also sent a request for expedited processing to DOJ's Office of Public Affairs ("OPA"). *Id*. ¶ 17. On April 26, 2019,

---

1  A document outside the complaint may be considered on a motion to dismiss if it is "referred to in the complaint and integral to" the plaintiff's claim. *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004). All documents referred to by exhibit number in this opinion were attached to defendant's partial motion to dismiss, and specifically referenced in the complaint.

2

DOJ informed CREW that OPA had denied the request for expedited processing by stating that "CREW's FOIA request is not a matter in which there exist possible questions about the government's integrity that affect public confidence." *Id*. DOJ also notified CREW that it would be unable to comply with the 20-day deadline to respond to the FOIA request and would respond "as soon as practicable." *Id*. ¶ 18.

CREW filed the instant complaint on May 28, 2019.

## LEGAL STANDARD

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

### I. Expedited Processing

The Freedom of Information Act, 5 U.S.C. § 552, requires agencies to make requested records available to the public unless one or more specific statutory exemptions applies, and charges agencies to "determine within 20 days . . . whether to comply with such request." *Id.* § 552(a)(6)(A)(i). The statute also requires that "each agency shall promulgate regulations . . . providing for expedited processing of requests for records – (I) in cases in which the person requesting the records demonstrates a compelling need; and (II) in other cases determined by the

agency." *Id*. § 552(a)(6)(E)(i). The statute specifies that "compelling need" means, "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." *Id*. § 552(a)(6)(E)(v)(II). Agencies must respond to expedited requests within 10 days. *Id*. § 552(a)(6)(E)(ii)(I).

In accordance with this provision, DOJ promulgated rules setting forth the circumstances that would warrant the expedited processing of FOIA requests, including "whenever it is determined that they involve . . . (iv) [a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1).

## II. Administrative exhaustion was not required to bring Count II.

FOIA establishes a procedure through which a requestor may appeal an adverse decision made by an agency regarding a FOIA request, and a plaintiff must exhaust those administrative remedies before it can bring an action to enforce its rights under FOIA in federal court. *See* 5 U.S.C. § 552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("[A] FOIA requestor must exhaust administrative appeal remedies before seeking judicial redress."); *Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003) (holding that each FOIA requestor must exhaust administrative remedies before filing suit); *Oglesby v. United States Dept. of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990) ("[F]oregoing an administrative appeal will preclude the requester from ever bringing suit on that request because the individual will not have exhausted his administrative remedies[.]").

However, FOIA uses different language in the provision relating to denials of requests for expedited processing: "*[a]gency action to deny* or affirm denial of a request for expedited processing . . . shall be subject to judicial review." 5 U.S.C. § 552(a)(6)(E)(iii) (emphasis added).

5

While the D.C. Circuit has not spoken on the matter, courts in this district have interpreted that language to relieve plaintiffs of the exhaustion requirement when appealing a denial of expedited processing. *See*, *e.g.*, *ACLU v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 28 (D.D.C. 2004) ("FOIA . . . specifically authorizes judicial review for challenges to '[a]gency action to deny or affirm denial of a request for expedited processing'"), quoting 5 U.S.C. § 552(a)(6)(E)(iii); *Elec. Privacy Info. Ctr. v. Dep't of Defense*, 355 F. Supp. 2d 98, 100 n.1 (D.D.C. 2004) ("Plaintiff is not required to pursue an administrative appeal before seeking judicial review of its request for expedited processing of a FOIA request."); *Al-Fayed v. CIA*, No. 00-2092, U.S. Dist. LEXIS 21476, at *7 (D.D.C. Sept. 20, 2000) (holding that FOIA language "clearly indicates that judicial review is appropriate at either of two moments: when the agency has denied a request for expedited processing, or when the agency has, upon administrative appeal, affirmed the denial of such a request").

The Court finds these opinions to be persuasive. Their reading of the statute is consistent with the purpose underlying the provision that makes expedited review available, and the express Congressional acknowledgment that time may be of the essence for certain requests. "Compelling need," for example, includes situations when "failure to obtain requested records on an expedited basis . . . could reasonably be expected to pose an imminent threat to life or physical safety of an individual[,]" and it should also be found when a requestor "is primarily engaged in disseminating information, urgency to inform the public concern actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v). To require a requestor who has been denied expedited processing to exhaust administrative remedies before seeking judicial review would defeat the section's aim of accelerating response time.

For these reasons, the Court will deny the motion to dismiss on exhaustion grounds.

### III. DOJ's denial of CREW's expedited request was not reasonable.

Turning to the question of whether DOJ properly denied CREW's request for expedition, the Court finds that OPA's mere recitation of the language in the DOJ provision on expedited review does not suffice as a reasoned explanation for its denial of CREW's request.

In accordance with the statutory directive that it do so, *see* 5 U.S.C. § 552(a)(6)(E)(i), DOJ promulgated regulations governing requests for expedited processing under FOIA. Using mandatory language, it requires that "[r]equests . . . *shall* be processed on an expedited basis whenever it is determined that they involve" a number of enumerated circumstances. 28 C.F.R. § 16.5(e)(1) (emphasis added). One of those circumstances is when the request involves a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." *Id*. § 16.5(e)(1)(iv).

In *Al Fayed v. CIA*, a case involving a British magazine's request for expedited processing of records pertaining to the car crash that killed Princess Diana and others, the D.C. Circuit considered the standard that should be applied when undertaking the review of an agency's application of its own regulations implementing FOIA, and it found the review of agency action under the Administrative Procedure Act to be analogous. 254 F.3d 300, 302, 307 n. 7 (D.C. Cir. 2001). Citing principles developed in that context, the Court of Appeals held that a decision based on a regulation promulgated by an agency, as opposed to a statutory provision, "is entitled to judicial deference . . . as is each agency's reasonable interpretation of its own such regulations." *Id.* at 307 n.7, citing *United States v. Mead Corp.*, 533 U.S. 218, 226–27 (2001); *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 219 (2001).

Applying the well-established principles governing APA review, then, the Court recognizes that deference should be accorded to an agency's application of its own regulations,

even when the reasoning is "of less than ideal clarity if the agency's path may reasonably be discerned." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983). But that does not mean that the Court has no say in the matter; as the Supreme Court has emphasized, "courts retain a role, and an important one, in ensuring that agencies have engaged in reasoned decisionmaking." *Judulang v. Holder*, 565 U.S. 42, 53 (2011). Thus, in this context as in others, an agency is required to offer an adequate explanation for its actions so that a court is able to "evaluate the agency's rationale at the time of the decision." *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990). Put simply, "the agency must explain why it decided to act as it did." *Butte Cty. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010). And, pursuant to the FOIA statute, judicial review of an agency's decision to grant or deny a request for expedited processing "shall be based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).

Here, CREW provided the following justification for its request for expedited processing:

> CREW seeks expedition because the subject matter of the request is of widespread and exceptional media interest and the requested information involves possible questions about the government's integrity, which clearly affect public confidence. Today Attorney General Barr took the unprecedented step of holding a press conference in advance of his release to Congress and the public of the Mueller Report. During that press conference the Attorney General discussed his decision that President Donald Trump had not obstructed the Special Counsel's investigation, which he explained was made "[a]fter carefully reviewing the facts and legal theories outlined in the report." He further stated that the OLC was among those he had consulted before reaching his conclusion "that the evidence developed by the Special Counsel is not sufficient to establish that the President committed an obstruction-of-justice offense.
>
> The Attorney General's repeated efforts to spread misinformation about the Mueller Report and its findings, particularly with respect to the issue of whether President Trump obstructed justice, raise serious concerns that the process undertaken by the Special Counsel has been tainted in an effort to protect the President rather than the American public. The requested records will shed light on the legality and reasonableness of the Attorney

8

> General's conclusions and whether he was acting as a personal counsel for the President or on behalf of the United States. Because the Attorney General has so directly and significantly placed his hand on the scales of justice in making and announcing his declination decision, the public deserves to know the full basis for that decision.
>
> CREW's primary purpose is to inform and educate the public about the activities of government officials and those who influence public officials. Toward that end, CREW uses statutes like the FOIA to gather information to hold public officials accountable. The request for which CREW seeks expedition will further those goals.

Ex. 2 to Def.'s Mot. [Dkt. # 5-3] ("Expedition Request") at 1–2.

The agency responded with a single sentence: "CREW's FOIA request is not a matter in which there exist possible questions about the government's integrity that affect public confidence."[2] Since the agency did nothing more than parrot its own regulatory language, and offered no reasoning or analysis, its decision, as in the APA context, is entitled to little deference. *See State Farm*, 463 U.S. at 303 (explaining that while the scope of judicial review of agency action is "narrow and a court is not to substitute its judgment for that of the agency[,] [n]evertheless, the agency must . . . articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made") (internal citation omitted).

Neither FOIA nor the departmental regulations require the requester to prove wrongdoing by the government in order to obtain documents on an expedited basis. The request must simply provide grounds to support the contention that the matter is time sensitive, and that it is a "matter

---

2   In its briefing, DOJ expends considerable effort explaining why CREW's request failed to meet DOJ's "media-related" standard for expedited processing under 28 C.F.R. § 16.5(e)(1). While it is true that CREW provided nothing more than its own assertion that the matter was of widespread public interest, DOJ's belated objections on those grounds are misplaced. Since the agency did not identify any deficiency in this regard as a basis for its decision, it cannot argue now that its decision was appropriate based on some newly developed theory that was not stated in the record before the Court for review.

of widespread and exceptional media interest in which there exist *possible* questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv) (emphasis added). Here, CREW stated in its request that the Attorney General of the United States had mischaracterized some of the core conclusions contained in a report of great public significance, written by the Department's own duly appointed Special Counsel, in advance of its public release. CREW's submission supported an inference that at best, the Attorney General undertook to frame the public discussion on his own terms while the report itself remained under wraps, and at worst, that he distorted the truth. For these reasons, the request raised "possible questions" about government integrity that could affect public confidence. And the disclosure of any material that either influenced or contradicted those public statements could very well bear upon the resolution of those questions. Since DOJ provided no explanation for its flat assertion to the contrary, it does not stand up to judicial review.

## CONCLUSION

For the foregoing reasons, the Court will deny defendant's partial motion to dismiss Count II. CREW may proceed with Counts I and II. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: January 31, 2020