## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

        Plaintiff,

  v.

U.S. DEPARTMENT OF JUSTICE,

        Defendant.

Case No. 1:19-cv-1552 (ABJ)

## DECLARATION OF PAUL P. COLBORN

I, Paul P. Colborn, declare as follows:

1.      I am a Special Counsel in the Office of Legal Counsel ("OLC") of the United States Department of Justice (the "Department") and a career member of the Senior Executive Service. I joined OLC in 1986, and since 1987 I have had the responsibility, among other things, of supervising OLC's responses to requests it receives under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I submit this declaration in support of the Department's Motion for Summary Judgment in this case. The statements that follow are based on my personal knowledge, as well as on information provided to me by OLC staff working under my direction, and by others with knowledge of the documents at issue in this case. This declaration incorporates by reference the index of challenged withheld documents attached hereto as Exhibit A (hereinafter, "the Index").

## OLC'S RESPONSIBILITIES

2.      The principal function of OLC is to assist and advise the Attorney General in his role as legal adviser to the President of the United States and to departments and agencies of the Executive Branch. OLC provides advice and prepares opinions addressing a wide range of legal

questions involving the operations of the Executive Branch.  OLC does not purport to make

policy decisions, and in fact lacks authority to make such decisions.  OLC's legal advice and

analysis may inform the decisionmaking of executive branch officials on matters of policy, but

OLC's legal advice is not itself dispositive as to any policy adopted.

3.      Although OLC publishes some opinions and makes discretionary releases of

others, OLC legal advice in all its forms is generally kept confidential, regardless of the recipient

within the Executive Branch.  OLC's clients include the President, the Attorney General, and

other executive branch officials, and these officials (like other public- and private-sector clients)

often depend upon the confidentiality of OLC legal advice in order to fulfill their duties

effectively.  One important reason OLC legal advice often needs to stay confidential is that it is

part of a larger deliberative process—a process that itself requires confidentiality to be effective.

If government agencies and OLC had to conduct deliberations with knowledge that their

deliberations were open to public view, such discussions would naturally be chilled or inhibited,

and the efficiency of government policy making would suffer as a result.

4.      These deliberative confidentiality concerns apply with particular force to OLC

advice because of OLC's role in the decisionmaking process:  OLC is often asked to provide

advice and analysis to decisionmakers with respect to very difficult and unsettled issues of law.

Frequently, such issues arise in connection with highly complex and sensitive activities of the

Executive Branch on matters that can be quite controversial.  So that the Attorney General and

other executive branch officials may continue to request, receive, and rely on candid legal advice

from OLC on such sensitive matters, it is essential that OLC legal advice provided in the context

of internal deliberations—and executive branch officials' willingness to seek such advice—not

be inhibited by concerns about public disclosure.

5.      The foregoing considerations regarding the need for confidential executive branch deliberations are particularly compelling in the context of the provision of legal advice, given the nature of the attorney-client relationship.  There is a special relationship of trust between a client and an attorney when the one seeks and the other provides independent legal advice.  When the advice is provided in confidence, it is protected from compelled disclosure.  As the Supreme Court has observed, "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law.  Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  It is critical to protect this relationship of trust in the governmental context, to ensure such full and frank communication between government attorneys and their clients, and thereby promote such broader public interests in the government's observance of law and the administration of justice.  The free and candid flow of information between agency decisionmakers and their legal advisers depends on the decisionmakers' confidence that the advice they receive will remain confidential.  Moreover, disclosure of legal advice may often reveal confidential communications from agency clients made for the purposes of securing advice.

6.      Finally, when asked to provide counsel on the law, OLC attorneys stand in a special relationship of trust with their agency clients.  Just as disclosure of client confidences in the course of seeking legal advice would seriously disrupt the relationship of trust so critical when attorneys formulate legal advice to their clients, disclosure of the advice itself would be equally disruptive to that trust.  Thus, the need to protect the relationship of trust between OLC

and the client seeking its legal advice provides an additional reason OLC legal advice often needs to stay confidential.

7.      The interests protected by the deliberative process and attorney-client privileges continue to apply fully to confidential OLC legal advice in circumstances where the Executive Branch or one of its departments or agencies elects, in the interest of transparency, to explain publicly the Executive Branch's understanding of the legal basis for current or contemplated executive branch conduct.  There is a fundamental distinction between an explanation of the rationale and basis for a decision, which would not be privileged, and legal advice received prior to making a decision, which is privileged.  Thus, there is no disclosure of privileged legal advice, and therefore no waiver, when, as part of explaining the rationale for its actions or policies, the Executive Branch explains its understanding of their legal basis without reference to any confidential legal advice that executive branch decisionmakers may have received before deciding to take the action or adopt the policy.  If merely explaining publicly the legal basis for executive branch conduct were understood to remove the protection of these privileges from the confidential legal advice provided as part of the Executive Branch's internal deliberations, it would substantially harm the ability of executive branch decisionmakers to request, receive, and rely upon full and frank legal advice from government lawyers as part of the decisionmaking process, and it would also harm the public by discouraging the Executive Branch from explaining its understanding of the legal basis for its actions publicly in the future.

## PLAINTIFF'S FOIA REQUEST

8.      On April 18, 2019, OLC received a FOIA request from Anne L. Weismann on behalf of plaintiff Citizens for Responsibility and Ethics in Washington, requesting "copies of all documents pertaining to the views OLC provided Attorney General William Barr on whether the

evidence developed by Special Counsel Robert Mueller is sufficient to establish that the
President committed an obstruction-of-justice offense." *See* Ex. B, at 1 (FOIA Request (Apr. 18,
2019) (hereinafter, "the FOIA Request")).  The FOIA Request sought records without a date
limitation.  *Id.*  Plaintiff requested expedited processing of its request.  *Id.* at 3-5.

9.      By letter dated April 26, 2019, I responded to Ms. Weissmann on behalf of OLC,
acknowledging receipt of the FOIA Request and informing her that the request for expedited
processing had been denied.  *See* Ex. C, at 1 (OLC Acknowledgment (Apr. 26, 2019)).  Plaintiff
did not submit an administrative appeal of this denial.

10.     Following the commencement of this litigation and negotiations through counsel
narrowing the scope of the request on February 11, 2020 to documents actually provided by OLC
to Attorney General William Barr or the Office of the Attorney General, I responded to
plaintiff's FOIA Request by letter dated May 22, 2020.  *See* Ex. D, at 1 (OLC Response (May
22, 2020)).  I informed Ms. Weissmann that OLC had identified 61 responsive records.  *Id.*  Of
these records, I informed her that 32 were enclosed with some redactions, one had been referred
to the Office of Information Policy ("OIP"), and the remaining 28 had been withheld in full
pursuant to FOIA Exemption Five.  *Id.*  I further informed her that the withheld documents were
protected by the attorney-client and deliberative process privileges.  Finally, I informed Ms.
Weissmann that the withheld records were not appropriate for discretionary release.  *Id.*

11.     On June 17, 2020, OIP provided Ms. Weissmann a response regarding the
document we had referred to that office for processing.  For more on OIP's processing of that
record, see the Declaration of Vanessa R. Brinkmann, filed contemporaneously with this
declaration.

## OLC'S SEARCH

12.     I have been informed that Plaintiff has not challenged the adequacy of OLC's search for responsive records.  Therefore, I do not discuss it here.

## DOCUMENTS AT ISSUE

13.     I am personally familiar with the withheld documents at issue in this case.

14.     I have been informed that Plaintiff has not challenged any of the withholdings pursuant to FOIA Exemption Six, or any of the withholdings pursuant to FOIA Exemption Five from the 32 documents released with redactions on May 22, 2020.  Therefore, I do not discuss them here.

15.     Of the 29 documents remaining at issue, 27 of them—nos. 1-5, 7-14, and 16-29— are drafts for which later or final versions of the documents exist.  Many of these drafts are duplicates or near-duplicates of each other, and in many cases the final versions of these documents are publicly available or were otherwise processed in this case.  Each draft document contains edits, comments, or both from at least one OLC attorney, reflecting OLC's legal advice and other contributions to the deliberative process developing the final documents.  Each of these 27 documents was an attachment to an email released at least in part to Plaintiff; each released email includes information demonstrating that the attachment is a predecisional draft. For further context, the Index identifies where in the production Plaintiff can find the email to which each document was attached.

16.     Document no. 6 is also a draft, but it is different from the other drafts in that the document was not attached to a released email and it was never developed into a final document. The document is an untitled, undated draft legal analysis prepared by OLC Assistant Attorney General ("AAG") Steven Engel for his use in providing advice within the Department of Justice.

The document is responsive to the narrowed request only because Mr. Engel later provided a

copy of the document to Attorney General Barr.  The document contains OLC legal advice and

analysis, and also contains confidential client information and descriptions of Department of

Justice deliberations.

17.     Document no. 15 is a predecisional deliberative memorandum to the Attorney

General, through the Deputy Attorney General, authored by OLC AAG Engel and Principal

Associate Deputy Attorney General ("PADAG") Edward O'Callaghan.  The memorandum was

released in part to Plaintiff by OIP.  As indicated in the portions of the memorandum that were

released, it was submitted to the Attorney General to assist him in determining whether the facts

set forth in Volume II of Special Counsel Mueller's report "would support initiating or declining

the prosecution of the President for obstruction of justice under the Principles of Federal

Prosecution."  The released portions also indicate that the memorandum contains the authors'

recommendation in favor of a conclusion that "the evidence developed by the Special Counsel's

investigation is not sufficient to establish that the President committed an obstruction-of-justice

offense."  The withheld portions of the memorandum contain legal advice and prosecutorial

deliberations in support of that recommendation.  Following receipt of the memorandum, the

Attorney General announced his decision publicly in a letter to the House and Senate Judiciary

Committees.  *See* Letter to Chairman Lindsey Graham, Chairman Jerrold Nadler, Ranking

Member Dianne Feinstein, and Ranking Member Doug Collins from William P. Barr, Attorney

General (Mar. 24, 2019), at 3,  https://www.justice.gov/ag/page/file/1147981/download.

## APPLICABLE PRIVILEGES

### *Withholding Pursuant to Exemption Five*

18.     FOIA's Exemption Five exempts from mandatory disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  Exemption Five incorporates the traditional privileges that the government may assert in civil litigation against a private litigant and exempts from FOIA's reach documents covered by such privileges.  Exemption Five applies to the documents because they are protected by the deliberative process and attorney-client privileges.

19.     The deliberative process privilege protects document nos. 1-5, 7-14, and 16-29—the drafts attached to released emails—because as drafts, they are inherently predecisional and deliberative, as their disclosure would reveal details of the Department's internal deliberative processes.  They contain line edits and/or internal comments from OLC and others, and in the case of the documents that have final public versions (i.e., document nos. 1, 4-5, 17-25 and 28-29), comparison of the drafts to the final versions would reveal any other changes prior to finalization.  Accordingly, they reflect the give-and-take of the deliberative process of developing the final documents.  In addition to being protected because they are drafts (which are inherently predecisional and deliberative), some of these documents are also covered by the deliberative process privilege because their content is predecisional and deliberative.  Document nos. 7-14 are drafts of document no. 15, and the material contained therein is covered by the privilege for the same reasons that material is covered by the privilege in the final document, as discussed in paragraph 21 below.  And document nos. 26 and 27 are drafts of material developed for use by the Attorney General in preparing for a Congressional hearing.  Such "talking point"

material, even if finalized for internal use, is a predecisional and deliberative input to what the Attorney General ultimately chose to say at the hearing, and remains covered by the privilege for that reason.

20.     Document no. 6, the unfinished draft legal analysis prepared by OLC AAG Engel, is also covered by the deliberative process privilege.  As an initial matter, a draft document is no less a draft for having been referred to internally within OLC but not finalized, and in this case the fact that the draft was later shared with the Attorney General as part of his deliberative process does not convert it into a final document.  Accordingly, the document is covered by the privilege for the same reasons as the 27 other drafts discussed above.  In any event, regardless of its status as a draft, the document is protected by the deliberative process privilege because it was legal analysis submitted to the Attorney General as part of his decisionmaking described in paragraph 16 above.

21.     Finally, the withheld portions of document no. 15—the only final document at issue—are also covered by the deliberative process privilege.  The document is a predecisional memorandum, submitted by senior officials of the Department to the Attorney General, and containing advice and analysis supporting a recommendation regarding the decision he was considering.  Although portions of the introduction and the recommendation were released by OIP, the withheld material is protected by the privilege because it consists of candid advice and analysis by the authors, OLC AAG Engel and the senior deputy to the Deputy Attorney General. That advice and analysis is predecisional because it was provided prior to the Attorney General's decision in the matter, and it is deliberative because it consists of advice and analysis to assist the Attorney General in making that decision.  As indicated in the material released by OIP, the document does not contain a separate recitation of facts, which would not be subject to the

privilege.  *See* document no. 15, at 1 n.1 ("Given the length and detail of the Special Counsel's Report, we do not recount the relevant facts here.  Our discussion and analysis assumes familiarity with the Report as well as much of the background surrounding the Special Counsel's investigation.").  The limited factual material contained in the withheld portion of the document is closely intertwined with that advice and analysis.

22.     All of the documents at issue are also protected by the attorney-client privilege. The documents were prepared or revised by OLC attorneys in the course of carrying out OLC's role of legal adviser to the Attorney General and the Department of Justice.  *See* 25 C.F.R. § 0.25(c) (it is OLC's responsibility to provide "opinions to the Attorney General and to the heads of the various organizational units of the Department on questions of law arising in the administration of the Department").  In that capacity, OLC attorneys maintain an attorney-client relationship with the Attorney General and other officials requiring legal advice from OLC, similar to the attorney-client relationship that the lawyers in the Office of General Counsel of any other agency have with the agency head and other officials.  The factual material provided to OLC in this capacity is provided for purposes of developing this confidential legal advice. Having been asked to provide legal advice, OLC attorneys stood in a special relationship of trust with the Attorney General and his staff, as well as other Department officials.  Just as disclosure of client confidences in the course of seeking legal advice would seriously disrupt the relationship of trust so critical when attorneys formulate legal advice to their clients, so too would disclosure of the legal advice itself undermine that trust.

### *Foreseeable Harm*

23.     Disclosure—especially compelled disclosure—of any of the material withheld from Plaintiff would directly harm the interests protected by Exemption Five's incorporation of

the deliberative process and attorney-client privileges.  It would undermine the Attorney

General's ability to seek and receive confidential advice from his advisers, including OLC.  It

would compromise the deliberative processes of the Executive Branch—in this case, of the

Attorney General and his senior advisers deliberating over an extremely high-profile

prosecutorial matter and the related public statements to be made about that matter.  In the case

of the draft documents, compelled disclosure would undermine the Department's ability to freely

exchange and improve upon material in the course of developing final documents and decisions.

Disclosure of the draft legal analysis in document no. 6 would cause the same harms and would

also undermine the ability of OLC attorneys to develop legal theories and analysis and commit

them to writing without the fear of compelled public disclosure.  And disclosure of document no.

15 would directly undermine the Attorney General's ability to seek and receive high-quality,

candid advice on sensitive prosecutorial matters prior to making his decision on the matters.

24.     Attorneys at OLC are often asked to provide advice and analysis with respect to

very difficult and unsettled questions of law, and on matters that can be quite controversial.  It is

essential to the Attorney General in carrying out his mission and to the proper functioning of the

Executive Branch overall that OLC's legal advice and the deliberations developing that legal

advice not be inhibited by concerns about the risk of public disclosure.  Protecting the

confidentiality of OLC's legal advice provided in the context of Department (or other executive

branch) deliberations is essential both to ensure that creative and sometimes controversial legal

arguments and theories may be examined candidly, effectively, and in writing, and to ensure that

the Attorney General, his advisers, and other executive branch officials continue to request and

rely on frank legal advice from OLC and other government attorneys on sensitive matters.

*Segregability, Adoption, and Waiver*

25.     I have personally reviewed the documents at issue to determine whether any withheld portion or portions could be released without divulging information protected by one or more of the applicable FOIA exemptions, and I have determined that the documents do not contain reasonably segregable, nonexempt information, beyond that already disclosed in document no. 15.  All factual information contained in the documents was provided to OLC in confidence for the purpose of seeking legal advice from OLC and is inextricably intertwined with OLC's analysis.  *See supra* ¶ 21 (including the discussion of document no. 15 at 1 n.1).

26.     To my knowledge, the withheld material has never been adopted or incorporated by reference by the Attorney General or any other decisionmaker.  While OIP released the recommendation line of document no. 15 because it was adopted by the Attorney General's action in signing on the "Approve" line at the end of the memorandum, his signature adopted only the recommendation set forth immediately preceding the "Approve" line, not the analysis and other deliberative material in the rest of the memorandum.

27.     To my knowledge, the withheld material has not been previously disclosed publicly.  In addition, I am not aware of any public statements by government officials that could constitute waiver of the privileges applicable to the material in the documents.

*                    *                    *                    *                    *                    *                    *

28.     In conclusion, I respectfully submit that the documents described herein are protected by the deliberative process and attorney-client privileges.  Accordingly, the documents were properly withheld pursuant to Exemption Five.  The compelled disclosure of these documents would interfere with the government's deliberative processes and would disrupt the

attorney-client relationship between OLC and its clients throughout the Executive Branch, including the Attorney General.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 12, 2020

Paul P. Colborn

PAUL P. COLBORN

13

# Exhibit A

**Index of Challenged Withheld Documents**

CREW v. U.S. Dep't of Justice
D.D.C. Case No. 1:19-cv-1552 (ABJ)

| No. | Date | Filename/Title | Description | Attached to Enclosure Page |
|---|---|---|---|---|
| 1 | 1/12/2019 | WPB Opening Statement 1.12.19 Draft + sae.docx | Draft of public document, containing proposed edits and/or comments from OLC | 1 |
| 2 | 1/13/2019 | Barr Graham Letter 1.13.18 8PM WORKING DRAFT + sae.docx | Draft of letter to Senator, containing proposed edits and/or comments from OLC | 2 |
| 3 | 1/13/2019 | Barr Graham Letter 1.13.18 8PM WORKING DRAFT + sae.docx | Draft of letter to Senator, containing proposed edits and/or comments from OLC | 3 |
| 4 | 3/22/2019 | 2019.03.23 SC Second Notification DRAFT 3-22 2030.docx | Draft of public document, containing proposed edits and/or comments from OLC | 4 |
| 5 | 3/23/2019 | 2019.03.23 SC Second Notification DRAFT 3-23 1000.docx | Draft of public document, containing proposed edits and/or comments from OLC | 5 |
| 6 | Undated | Untitled Draft Memorandum | Draft memorandum prepared by OLC, containing predecisional legal advice, shared with the Attorney General | N/A |
| 7 | 3/23/2019 | AG Memo 3-23 1730.docx | Draft of Doc. No. 15, containing proposed edits and/or comments from OLC | 7 |
| 8 | 3/24/2019 | AG Memo 3-24 1300.docx | Draft of Doc. No. 15, containing proposed edits and/or comments from OLC | 10 |
| 9 | 3/24/2019 | AG Memo 3-24 1300.docx | Draft of Doc. No. 15, containing proposed edits and/or comments from OLC | 18 |
| 10 | 3/24/2019 | AG Memo 3-24 1300 (Compare).docx | Draft of Doc. No. 15, containing proposed edits and/or comments from OLC | 21 |
| 11 | 3/24/2019 | AG Memo 3-24 1515.docx | Draft of Doc. No. 15, containing proposed edits and/or comments from OLC | 21 |
| 12 | 3/24/2019 | AG Memo 3-24 1545.docx | Draft of Doc. No. 15, containing proposed edits and/or comments from OLC | 20 |

| No. | Date | Filename/Title | Description | Attached to Enclosure Page |
|-----|------|----------------|-------------|----------------------------|
| 13 | 3/24/2019 | AG Memo 3-24 1545.docx | Draft of Doc. No. 15, containing proposed edits and/or comments from OLC | 25 |
| 14 | 3/24/2019 | AG Memo 3-24 FINAL.docx | Draft of Doc. No. 15, containing proposed language from OLC, labeled "FINAL" but unsigned | 32 |
| 15 | 3/24/2019 | Memorandum for the Attorney General, through the Deputy Attorney General, from Steven A. Engel, Assistant Attorney General, Office of Legal Counsel and Edward C. O'Callaghan, Principal Associate Deputy Attorney General, Re: Review of the Special Counsel's Report | Signed Memorandum reflecting predecisional legal advice from the authors to the Attorney General<br><br>(referred to OIP, released in part) | N/A |
| 16 | 3/26/2019 | v14 DRAFT Response to March 4 Request.docx | Draft letter to Representative, containing proposed edits and/or comments from OLC | 34 |
| 17 | 4/7/2019 | 2019.04.11 SC Cover Memo DRAFT 4.7.docx | Draft of public document, containing proposed edits and/or comments from OLC | 37 |
| 18 | 4/7/2019 | 2019.04.11 SC Cover Memo DRAFT 4.7.docx | Draft of public document, containing proposed edits and/or comments from OLC | 39 |
| 19 | 4/8/2019 | 2019.04.11 SC Cover Memo DRAFT 4.8.docx | Draft of public document, containing proposed edits and/or comments from OLC | 40 |
| 20 | 4/10/2019 | 2019.04.11 SC Cover Memo DRAFT 4.10 1130.docx | Draft of public document, containing proposed edits and/or comments from OLC | 41 |
| 21 | 4/10/2019 | 2019.04.11 SC Cover Memo DRAFT 4.10 1330.docx | Draft of public document, containing proposed edits and/or comments from OLC | 42 |
| 22 | 4/11/2019 | 2019.04.11 SC Cover Memo DRAFT 4.11 (short).docx | Draft of public document, containing proposed edits and/or comments from OLC | 43 |
| 23 | 4/15/2019 | 2019.04.11 SC Cover Memo DRAFT 4.15.docx | Draft of public document, containing proposed edits and/or comments from OLC | 44 |

Index of Challenged Withheld Documents          CREW v. DOJ, D.D.C. No. 1:19-cv-1552

| No. | Date | Filename/Title | Description | Attached to Enclosure Page |
|-----|------|----------------|-------------|----------------------------|
| 24 | 4/17/2019 | 2019.04.017 Press Conference Prepared Statement - 4.17 Draft + OLC.docx | Draft of public document, containing proposed edits and/or comments from OLC | 45 |
| 25 | 4/17/2019 | 2019.04.17 SC Cover Memo DRAFT Short + olc.docx | Draft of public document, containing proposed edits and/or comments from OLC | 45 |
| 26 | 4/25/2019 | AG bullets on Obstruction Episodes 4.25.docx | Draft of preparatory materials for Attorney General, containing proposed edits and/or comments from OLC | 49 |
| 27 | 4/26/2019 | AG talking points.docx | Draft of preparatory materials for Attorney General, containing proposed edits and/or comments from OLC | 50 |
| 28 | 4/27/2019 | 20160501 AG Written Statement For the Record - Senate Judiciaryeoc + sae.DOCX | Draft of public document, containing proposed edits and/or comments from OLC | 53 |
| 29 | 4/30/2019 | 20160501 AG Written Statement For the Record - DRAFT 20190430 1100 + sae.DOCX | Draft of public document, containing proposed edits and/or comments from OLC | 55 |

# Exhibit B

# CREW | citizens for responsibility and ethics in washington

April 18, 2019

**BY EMAIL: usdojo-officeoflegalcounsel@usdoj.gov**

Melissa Golden
Lead Paralegal and FOIA Specialist
Office of Legal Counsel
Department of Justice
950 Pennsylvania Avenue, N.W., Room 5511
Washington, D.C. 20530-0001

## Re: **Expedited Freedom of Information Act Request**

Dear Ms. Golden:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this expedited request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and U.S. Department of Justice ("DOJ") regulations.

Specifically, CREW seeks copies of all documents pertaining to the views OLC provided Attorney General William Barr on whether the evidence developed by Special Counsel Robert Mueller is sufficient to establish that the President committed an obstruction-of-justice offense.

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material. Our request includes without limitation all correspondence, letters, emails, text messages, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, as well as those who were cc'ed or bcc'ed on any emails.

If it is your position any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. § 552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. *See Mead Data Central v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

Please be advised that CREW intends to pursue all legal remedies to enforce its right under the FOIA to access these documents. Accordingly, because litigation reasonably is

Melissa Golden
April 18, 2019
Page 2

foreseeable, DOJ should institute an agency-wide preservation hold on documents potentially
responsive to this request.

## **Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A) and DOJ regulations, CREW requests a
waiver of fees associated with processing this request for records. The subject of this request
concerns the operations of the federal government, and the disclosures likely will contribute to a
better understanding of relevant government procedures by CREW and the general public in a
significant way. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Moreover, the request primarily and
fundamentally is for non-commercial purposes. *See, e.g.*, *McClellan Ecological v. Carlucci*, 835
F.2d 1282, 1285 (9th Cir. 1987).

Today Attorney General Barr took the unprecedented step of holding a press conference
in advance of his release to Congress and the public of the Mueller Report. During that press
conference the Attorney General discussed his decision that President Donald Trump had not
obstructed the Special Counsel's investigation, which he explained was made "[a]fter carefully
reviewing the facts and legal theories outlined in the report."[1] He further stated that the OLC was
among those he had consulted before reaching his conclusion "that the evidence developed by
the Special Counsel is not sufficient to establish that the President committed an obstruction-of-
justice offense."[2]

The Attorney General's repeated efforts to spread misinformation about the Mueller
Report and its findings, particularly with respect to the issue of whether President Trump
obstructed justice, raise serious concerns that the process undertaken by the Special Counsel has
been tainted in an effort to protect the President rather than the American public. The requested
records will shed light on the legality and reasonableness of the Attorney General's conclusions
and whether he was acting as a personal counsel for the President or on behalf of the United
States. Because the Attorney General has so directly and significantly placed his hand on the
scales of justice in making and announcing his declination decision, the public deserves to know
the full basis for that decision.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal
Revenue Code. CREW is committed to protecting the public's right to be aware of the activities
of government officials, to ensuring the integrity of those officials, and to highlighting and
working to reduce the influence of money on politics. CREW uses a combination of research,
litigation, and advocacy to advance its mission. CREW intends to analyze the information
responsive to this request and to share its analysis with the public through reports, press releases,
or other means. In addition, CREW will disseminate any documents it acquires from this request

---

[1] Attorney General Barr's full prepared remarks are available at https://www.cnn.com/2019/04/18/politics/barr-
mueller-report-presser/index.html.
[2] *Id.*

Melissa Golden
April 18, 2019
Page 3

to the public through its website, www.citizensforethics.org. The release of information obtained through this request is not in CREW's financial interest.

CREW further requests that it not be charged search or review fees for this request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) because CREW qualifies as a member of the news media. *See Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989) (holding non-profit a "representative of the news media" and broadly interpreting the term to include "any person or organization which regularly publishes or disseminates information to the public").

CREW routinely and systematically disseminates information to the public in several ways. CREW's website receives tens of thousands of page views every month. The website includes blogposts that report on and analyze newsworthy developments regarding government ethics, corruption, and money in politics, as well as numerous reports CREW has published to educate the public about these issues. In addition, CREW posts the documents it receives under the FOIA on its website, which has been visited hundreds of thousands of times.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

## **Request for Expedition**

Finally, please be advised that CREW also has requested expedition of this request because its subject matter is of widespread and exceptional media interest and the requested information involves possible questions about the government's integrity that affect public confidence. Pursuant to 28 C.F.R. § 16.5(e)(2), CREW submitted that request to the Director of Public Affairs; a copy of the request is enclosed.

## **Conclusion**

If you have any questions about this request or foresee any problems in fully releasing the requested records on an expedited basis, please contact me at (202) 408-5565 or aweismann@citizensforethics.org. Where possible, please produce records in electronic format. Please send the requested records to me either at aweismann@citizensforethics.org or Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, 1101 K Street, N.W., Suite 201, Washington, D.C. 20005. Thank you for your assistance in this matter.

Sincerely,

Anne L. Weismann
Chief FOIA Counsel

encl.



April 18, 2019

**By facsimile: (202) 514-1009**

Kerri Kupec
Director, Office of Public Affairs
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Re: <u>Request for Expedition of Freedom of Information Act Request</u>

Dear Mr. Kupec;

Pursuant to Department of Justice ("DOJ") regulations, 28 C.F.R. § 16.5(e)(2), Citizens for Responsibility and Ethics in Washington ("CREW") requests that you authorize the expedition of a Freedom of Information Act ("FOIA") request CREW made today to the Office of Legal Counsel ("OLC"). I have enclosed a copy of this request.

The OLC FOIA seeks copies of all documents pertaining to the views OLC provided Attorney General William Barr on whether the evidence developed by Special Counsel Robert Mueller is sufficient to establish that the President committed an obstruction-of-justice offense.

CREW seeks expedition because the subject matter of the request is of widespread and exceptional media interest and the requested information involves possible questions about the government's integrity, which clearly affect public confidence. Today Attorney General Barr took the unprecedented step of holding a press conference in advance of his release to Congress and the public of the Mueller Report. During that press conference the Attorney General discussed his decision that President Donald Trump had not obstructed the Special Counsel's investigation, which he explained was made "[a]fter carefully reviewing the facts and legal theories outlined in the report."[1] He further stated that the OLC was among those he had consulted before reaching his conclusion "that the evidence developed by the Special Counsel is not sufficient to establish that the President committed an obstruction-of-justice offense."[2]

The Attorney General's repeated efforts to spread misinformation about the Mueller Report and its findings, particularly with respect to the issue of whether President Trump obstructed justice, raise serious concerns that the process undertaken by the Special Counsel has been tainted in an effort to protect the President rather than the American public. The requested records will shed light on the legality and reasonableness of the Attorney General's conclusions and whether he was acting as a personal counsel for the President or on behalf of the United States. Because the Attorney General has so directly and significantly placed his hand on the

---

[1] Attorney General Barr's full prepared remarks are available at https://www.cnn.com/2019/04/18/politics/barr-mueller-report-presser/index.html.
[2] *Id.*

scales of justice in making and announcing his declination decision, the public deserves to know the full basis for that decision.

CREW's primary purpose is to inform and educate the public about the activities of government officials and those who influence public officials. Toward that end, CREW uses statutes like the FOIA to gather information the public needs to hold public officials accountable. The request for which CREW seeks expedition will further those goals.

I certify the following is true and correct.

Sincerely,

Anne L. Weismann
Chief FOIA Counsel

encl.

# Exhibit C



**U.S. Department of Justice**

Office of Legal Counsel

*Washington, D.C. 20530*

April 26, 2019

Anne L. Weismann
Chief FOIA Counsel
CREW
aweismann@citizensforethics.org

### Re: FOIA Tracking No. FY19-131

Dear Ms. Weismann:

This letter acknowledges receipt of your April 18, 2019 Freedom of Information Act ("FOIA") request to the Office of Legal Counsel ("OLC"), in which you seek "all documents pertaining to the views OLC provided Attorney General William Barr on whether the evidence developed by Special Counsel Robert Mueller is sufficient to establish that the President committed an obstruction-of-justice offense." We received your request on April 18, 2019, and your request has been assigned tracking number **FY19-131.** Based on our preliminary review of your request, and pursuant to 28 C.F.R. § 16.5(b), your request has been tentatively assigned to the "complex" processing track. If you would like to narrow your request so that it can be transferred to the "simple" track and processed more quickly, please contact Melissa Golden at the address and phone number provided below.

You requested expedited treatment of your request under 28 C.F.R § 16.5(e)(1)(iv). On April 18, 2019, we referred your request to the Director of the Office of Public Affairs ("OPA"), who determines whether a request pertains to "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R § 16.5(e)(1)(iv); *see id.* § 16.5(e)(2). On April 26, 2019, we were informed that OPA has denied your request for expedited processing under standard (iv) because, in the judgment of the Director of OPA, the topic of your request is not a "[a] matter . . . in which there exist possible questions about the government's integrity that affect public confidence." *Id.* § 16.5(e)(1)(iv). Accordingly, your request for expedited processing is denied.

Because of the considerable number of FOIA requests received by OLC prior to your request, we likely will be unable to comply with the twenty-day statutory deadline for responding to your request. I regret the necessity of this delay, but I assure you that your request will be processed as soon as practicable. In the meantime, if you have any questions or wish to discuss your request, you may contact Melissa Golden, OLC's FOIA Public Liaison, at usdoj-officeoflegalcounsel@usdoj.gov, (202) 514-2053, or at Office of Legal Counsel, United States Department of Justice, 950 Pennsylvania Ave., N.W., Room 5511, Washington, DC 20530. We have not yet made a decision on your request for a fee waiver. We will do so after we determine whether fees will be assessed for this request.

Additionally, you may contact the Office of Government Information Services ("OGIS") at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

You have the right to an administrative appeal.  You may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Paul P. Colborn
Special Counsel

# Exhibit D

**U.S. Department of Justice**

Office of Legal Counsel

*Washington, D.C. 20530*

May 22, 2020

Anne L. Weismann
Chief FOIA Counsel
CREW
aweismann@citizensforethics.org

> **Re:     FOIA Tracking No. FY19-131;**
> **CREW v. U.S. Dep't of Justice, D.D.C. No. 19-cv-1552**

Dear Ms. Weismann:

This letter partially responds to your April 18, 2019 Freedom of Information Act
("FOIA") request to the Office of Legal Counsel ("OLC"), in which you seek "all documents
pertaining to the views OLC provided Attorney General William Barr on whether the evidence
developed by Special Counsel Robert Mueller is sufficient to establish that the President
committed an obstruction-of-justice offense." As you know, the request was assigned the
tracking number FY19-131, is also the subject of the above-captioned litigation, and has been
narrowed in certain ways by negotiation through counsel, while reserving your right to seek
additional records within the scope of the original request. Pursuant to 28 C.F.R. § 16.5(b), your
request was processed in the complex track.

We have completed our search of OLC files and have identified 61 documents that are
responsive to your request, totaling 260 pages. We have enclosed 32 documents totaling 56
pages with redactions pursuant to FOIA Exemption Five, 5 U.S.C. § 552(b)(5) or FOIA
Exemption Six, 5 U.S.C. § 552(b)(6). The material redacted pursuant to Exemption Five is
exempt from mandatory disclosure because it is protected by the attorney-client and deliberative
process privileges, and we have determined that the material is not appropriate for discretionary
release at this time. Disclosure of the material redacted pursuant to Exemption Six would
constitute a clearly unwarranted invasion of personal privacy.

We have referred one document totaling nine pages to the Office of Information Policy
("OIP") for direct response to you. OIP may be reached as follows: Douglas Hibbard, Chief,
Initial Request Staff, Office of Information Policy, Department of Justice, Suite 11050, 1425
New York Avenue, N.W., Washington, D.C. 20530, Tel: (202) 514-FOIA.

We are withholding the remaining 28 documents totaling 195 pages in full pursuant to
FOIA Exemption Five. The documents are protected by the attorney-client and deliberative
process privileges, and we have determined that the documents are not appropriate for
discretionary release at this time.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

Your counsel may contact Julie Straus Harris of the Civil Division, Federal Programs Branch, at 202-353-7633 or at Julie.StrausHarris@usdoj.gov, to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services ("OGIS") at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Although your request is the subject of ongoing litigation, and administrative appeals are not ordinarily acted upon in such situations, I am required by statute and regulation to inform you of your right to file an administrative appeal. You may administratively appeal by writing to the Director, Office of Information Policy ("OIP"), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

*for* Paul P. Colborn
Special Counsel

Enclosures

cc:     Julie Straus Harris, Trial Attorney
        Civil Division, Federal Programs Branch