**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)     Civil No. 19-1552 (ABJ)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE AND PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h), Plaintiff Citizens for Responsibility and Ethics in Washington hereby responds to Defendant U.S. Department of Justice's ("DOJ") Statement of Material Facts as to Which There Is No Genuine Dispute (ECF No. 15-1), and submits its Statement of Material Facts Not in Dispute in Support Of Plaintiff's Cross-Motion for Summary Judgment.

**I.     Plaintiff's Response to Defendant's Statement of Material Facts**

1. Undisputed that on April 18, 2019, Anne L. Weismann on behalf of plaintiff Citizens for Responsibility and Ethics in Washington ("Plaintiff") submitted a FOIA request to DOJ's Office of Legal Counsel ("OLC") seeking "all documents pertaining to the views of OLC provided Attorney General William Barr on whether the evidence developed by Special Counsel Robert Mueller is sufficient to establish that the President committed an obstruction-of-justice offense." Undisputed that the FOIA Request sought records without a date limitation and that Plaintiff requested expedited processing of the request.

2. Undisputed that by letter dated April 26, 2019, Mr. Paul Colborn responded to Ms. Weismann on behalf of OLC, acknowledging receipt of the FOIA Request. Undisputed that by the April 26, 2019 letter, OLC also informed Ms. Weismann that DOJ's Office of Public Affairs had denied the request for expedited processing.

3. Undisputed that Plaintiff filed the instant lawsuit on May 28, 2019 and that at that time DOJ had not released any responsive records.

4. Undisputed that on February 11, 2020, Plaintiff agreed to limit the scope of the Request to all material to documents actually provided by OLC to Attorney General William Barr or the Office of the Attorney General on the subject that the President committed an obstruction-of-justice offense.

5. Undisputed that by letter dated May 22, 2020, OLC responded to Plaintiff's FOIA request and that the OLC Response informed Plaintiff that OLC had identified 61 responsive records. Undisputed that the OLC Response further informed Plaintiff that 32 responsive records were enclosed with some redactions, one responsive record had been referred to DOJ's Office of Information Policy, and the remaining 28 responsive records had been withheld in full pursuant to FOIA Exemption 5. Also undisputed that the 32 responsive records were furnished to Plaintiff that same day.

6. Undisputed that the OLC Response informed Plaintiff that the withheld documents were protected by the attorney-client and deliberative process privileges and were not appropriate for discretionary release, but dispute any inference that the documents in fact were protected by the two cited privileges.

7.      Undisputed that Ms. Vanessa R. Brinkmann has attested that on May 8, 2020, OLC referred a single nine-page memorandum to OIP for processing and direct response and that the memorandum was referred to OIP because it was solicited by and written for the Attorney General.

8.      Undisputed that by letter dated June 17, 2020, OIP released the memorandum in part to Plaintiff, withholding certain information on page one pursuant to the deliberative process and attorney-client privileges of Exemption 5, withholding pages two through eight in full pursuant to the same privileges of Exemption 5, and releasing page nine in full. Plaintiff disputes any inference that that the withheld material is protected by the two cited privileges.

9.      Undisputed that OIP's June 17, 2020 release constituted DOJ's final response to Plaintiff's FOIA request.

10.     Undisputed that Plaintiff is not challenging the adequacy of DOJ's search for responsive records, DOJ's withholdings pursuant to Exemption 6, or DOJ's withholdings pursuant to Exemption 5 from the 32 responsive records released with redactions on May 22, 2020 by OLC to Plaintiff.

**II.     Plaintiff's Statement of Undisputed Material Facts.**

1.      On March 22, 2019, Special Counsel Mueller submitted his Report to Attorney General Barr "explaining the prosecution or declination decisions [the Special Counsel] reached." Special Counsel Robert S. Mueller, III, Report On The Investigation Into Russian Interference In The 2016 Presidential Election, March 2019 ("Report") Vol. I at 1 (quoting 28 C.F.R. § 600.8(c)).

2.      By letter dated March 22, 2019, Attorney General Barr informed the Chairs and Ranking Members of the Senate and House Judiciary Committees that Special Counsel Mueller had "concluded his investigation of Russian interference in the 2016 election and related matters." *See* https://int.nyt.com/data/documenthelper/708-attorney-general-william-barr-lettermueller/

b7fd3a05ab618bad8544/optimized/full.pdf#pag=1. In so doing, Attorney General Barr also provided notice required by 28 C.F.R. § 600.9(a)(3) that there were "no . . . instances during the Special Counsel's investigation" in which the Attorney General or Acting Attorney General "'concluded that a proposed action by a Special Counsel was so inappropriate or unwarranted under established Departmental practices that it should not be pursued.'" *Id.* (quoting § 600.9(a)(3)).

   3. On April 18, 2019, Attorney General Barr held a press conference in advance of his release to Congress and the public of the two-volume Report. U.S. Department of Justice News, Attorney General William P. Barr Delivers Remarks on the Release of the Report on the Investigation into Russian Interference in the 2016 Presidential Election, Apr. 18, 2019, https://www.justice.gov/opa/speech/attorney-general-william-p-barr-delivers-remarks-release-report-investigation-russian. During that press conference the Attorney General discussed his view that President Trump had not obstructed the Special Counsel's investigation, which he said was made in part after consulting with OLC. *Id.*

Dated: September 2, 2020     Respectfully submitted,

                  /s/ *Anne L. Weismann*
                 Anne L. Weismann
                 (D.C. Bar No. 298190)
                 6117 Durbin Road
                 Bethesda, MD  20817
                 Phone: 301-717-6610
                 Weismann.anne@gmail.com

                 Adam J. Rappaport
                 (D.C. Bar No. 479866)
                 Citizens for Responsibility and Ethics
                 in Washington
                 1101 K Street, N.W., Suite 201
                 Washington, D.C.  20001
                 Phone: (202) 408-5565
                 arappaport@citizensforethics.org

                 *Attorneys for Plaintiff*