UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,

        Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE,

        Defendant.

Case No. 1:19-cv-1552 (ABJ)

## SECOND DECLARATION OF PAUL P. COLBORN

I, Paul P. Colborn, declare as follows:

1. I am a Special Counsel in the Office of Legal Counsel ("OLC") of the United States Department of Justice (the "Department") and a career member of the Senior Executive Service. I joined OLC in 1986, and since 1987 I have had the responsibility, among other things, of supervising OLC's responses to requests it receives under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. I previously submitted a declaration in this matter. Colborn Decl., ECF No. 15-3, Aug 12, 2020. I submit this second declaration in further support of the Department's Motion for Summary Judgment, ECF No. 15, and in opposition to Plaintiff's Motion for Summary Judgment, ECF No. 17, in order to provide additional detail about the two documents remaining at issue in this case, including new information recently brought to my attention. The statements that follow are based on my personal knowledge, as well as on information provided to me by OLC staff working under my direction, and by others with knowledge of the documents at issue in this case.

## DOCUMENTS REMAINING AT ISSUE

2. I am personally familiar with the withheld documents at issue in this case, and I have personal knowledge of the process by which these documents were prepared and submitted based on conversations with OLC Assistant Attorney General ("AAG") Steven Engel in connection with the processing of this FOIA request.

3. Since I submitted my declaration in this case regarding 29 documents withheld in full or in part by OLC, I have been informed that plaintiff has dropped its challenge to the withholding of 27 of those documents, and now limits its challenge to the documents identified therein as Document No. 6 and Document No. 15.

### *Document No. 6*

4. As stated in paragraph 16 of my prior declaration, Document No. 6 is an untitled, undated draft legal analysis prepared by OLC AAG Engel for his use in providing advice within the Department of Justice. The document is responsive to the narrowed request only because Mr. Engel later provided a copy of the document to Attorney General Barr. The document contains OLC legal advice and analysis, and also contains confidential client information and descriptions of Department of Justice deliberations.

5. To provide further information about Document No. 6, I can confirm that, although the document was undated, it was prepared over six months prior to March 2019, for Mr. Engel's use in providing advice at the time it was prepared. Mr. Engel provided a copy to the Attorney General prior to March 24, 2019. The copy was provided for the purpose of giving legal advice and analysis to the Attorney General for his use in the deliberations that preceded the decision described in paragraph 8 below.

6. To my knowledge, no part of Document No. 6 has been shared outside of the Department of Justice.

7. As I stated in paragraph 25 of my prior declaration, Document No. 6 does not contain reasonably segregable, nonexempt information.

### Document No. 15

8. As stated in paragraph 17 of my prior declaration, Document No. 15 is a predecisional deliberative memorandum to the Attorney General, submitted through the Deputy Attorney General, and authored by OLC AAG Engel and Principal Associate Deputy Attorney General Edward O'Callaghan. As indicated in the portions of the memorandum that were released in part to Plaintiff by the Office of Information Policy ("OIP"), it was submitted to the Attorney General to assist him in determining whether the facts set forth in Volume II of Special Counsel Mueller's report "would support initiating or declining the prosecution of the President for obstruction of justice under the Principles of Federal Prosecution." The released portions also indicate that the memorandum contains a recommendation in favor of a conclusion that "the evidence developed by the Special Counsel's investigation is not sufficient to establish that the President committed an obstruction-of-justice offense." The withheld portions of the memorandum contain legal advice and prosecutorial deliberations in support of that recommendation.

9. I stated in my prior declaration that "[f]ollowing receipt of the memorandum, the Attorney General announced his decision publicly in a letter to the House and Senate Judiciary Committees." Colborn Decl. ¶ 17 (citing Letter to Chairman Lindsey Graham, Chairman Jerrold Nadler, Ranking Member Dianne Feinstein, and Ranking Member Doug Collins from William P. Barr, Attorney General (Mar. 24, 2019), at 3, https://www.justice.gov/ag/page/file/1147981/

download). I have recently been informed that prior to making his decision and sending the letter, the Attorney General had received the substance of the advice contained in Document No. 15 and reviewed multiple drafts of that memorandum, but the memorandum in fact was put into the signed final form of Document No. 15, and its approval box initialed by the Attorney General, about two hours after the Attorney General sent the letter to the House and Senate Judiciary Committees. The substance of the advice contained in Document No. 15 did not change in any material way between the time when the Attorney General last received a draft of the memorandum and the time the Attorney General initialed the approval box on the signed final form of the memorandum.

10. To my knowledge, no portion of Document No. 15 that was redacted in the version provided to Plaintiff in OIP's response to Plaintiff's FOIA request to OLC has been shared outside of the Department of Justice.

11. As I stated previously in paragraph 25 of my prior declaration, Document No. 15 does not contain reasonably segregable, nonexempt information beyond that already disclosed in the version provided by OIP.

*Foreseeable Harm*

12. As I stated previously in paragraphs 23-24 of my prior declaration, disclosure—especially compelled disclosure—of any of the material withheld from Plaintiff in either of these documents would directly harm the interests protected by Exemption Five's incorporation of the deliberative process and attorney-client privileges. Document No. 6 contains draft legal advice and analysis concerning the Attorney General's prosecutorial decision regarding the President for the Attorney General to use in his deliberations on that decision. Disclosure of the draft legal analysis in Document No. 6 would reveal OLC's deliberations leading to its advice and

recommendation and thereby undermine the ability of OLC attorneys to develop legal theories and analysis and commit them to writing without the fear of compelled public disclosure. And Document No. 15 contains legal advice and prosecutorial deliberations supporting the recommendation in favor of a conclusion that "the evidence developed by the Special Counsel's investigation is not sufficient to establish that the President committed an obstruction-of-justice offense." Disclosure of Document No. 15 would reveal those deliberations and that advice and thereby directly undermine the Attorney General's ability to seek and receive high-quality, candid advice regarding sensitive prosecutorial matters submitted to him for decision.

13. Attorneys at OLC are often asked to provide advice and analysis with respect to very difficult and unsettled questions of law, and on matters that can be quite controversial. It is essential to the Attorney General in carrying out his mission and to the proper functioning of the Executive Branch overall that OLC's legal advice and the deliberations developing that legal advice not be inhibited by concerns about the risk of public disclosure. Disclosure of these two documents would discourage OLC attorneys from candidly deliberating on the preparation of their legal analysis and recommendations and impair the ability of Attorneys General to receive candid and confidential legal and other types of advice in the course of their consideration of prosecutorial decisions and other decisions. Such chilling of advice and legal deliberations is exactly what the deliberative process and attorney-client privileges seek to prevent. Protecting the confidentiality of OLC's internal deliberations and the legal advice it provides in the context of Department (or other executive branch) deliberations is therefore essential both to ensure that creative and sometimes controversial legal arguments and theories may be developed and examined candidly, effectively, and in writing, and to ensure that the Attorney General, his

5

advisers, and other executive branch officials continue to request and rely on frank legal advice from OLC and other government attorneys on sensitive matters.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: October 7, 2020

_____
PAUL P. COLBORN