# EXHIBIT A



U.S. Department of Justice

Washington D.C. 20530

March 24, 2019

MEMORANDUM FOR THE ATTORNEY GENERAL

THROUGH: THE DEPUTY ATTORNEY GENERAL

FROM: Steven A. Engel
Assistant Attorney General, Office of Legal Counsel

Edward C. O'Callaghan
Principal Associate Deputy Attorney General

SUBJECT: Review of the Special Counsel's Report

At your request, we have evaluated Volume II of the Special Counsel's Report on the Investigation into Russian Interference in the 2016 Presidential Election to determine whether the facts recited therein would support initiating or declining the prosecution of the President for obstruction of justice under the Principles of Federal Prosecution, without regard to any constitutional barrier to such a prosecution under Article II of the U.S. Constitution. Over the course of the Special Counsel's investigation, we have previously discussed these issues within the Department among ourselves, with the Deputy Attorney General, and with you since your appointment, as well as with the Special Counsel and his staff. Our conclusions are the product of those discussions, as well as our review of the Report.

For the reasons stated below, we conclude that the evidence described in Volume II of the Report is not, in our judgment, sufficient to support a conclusion beyond a reasonable doubt that the President violated the obstruction-of-justice statutes.[1] In addition, we believe that certain of the conduct examined by the Special Counsel could not, as a matter of law, support an obstruction charge under the circumstances. Accordingly, were there no constitutional barrier, we would recommend, under the Principles of Federal Prosecution, that you decline to commence such a prosecution.

I. **The Department Should Reach a Conclusion on Whether Prosecution Is Warranted Based on the Findings in Volume II of the Special Counsel's Report**

The Special Counsel has investigated certain facts relating to the President's response to the FBI's Russia investigation and to the subsequent Special Counsel investigation. In so doing,

---

[1] Given the length and detail of the Special Counsel's Report, we do not recount the relevant facts here. Our discussion and analysis assumes familiarity with the Report as well as much of the background surrounding the Special Counsel's investigation.

Subject: *Review of Special Counsel's Report*
Page 2

the Special Counsel reached no conclusion as to whether the President had violated any criminal law or whether, if so, such conduct warranted prosecution. The Special Counsel considered evaluating such conduct under the Justice Manual standards governing prosecutions and declinations, but determined not to apply that approach for several reasons. The Special Counsel recognized that the Office of Legal Counsel ("OLC") had determined that "a sitting President is constitutionally immune from indictment and criminal prosecution." *A Sitting President's Amenability to Indictment and Criminal Prosecution*, 24 Op O.L.C. 222, 260 (2000). Although the OLC opinion permitted the investigation of a sitting President, the Special Counsel concluded that it would be unfair to reach any charging decision, because the President would not then be afforded any opportunity to clear his name before an impartial adjudicator. Accordingly, the Report identifies evidence on both sides of the obstruction question and leaves unresolved what it viewed as "difficult issues" concerning whether the President's actions and intent could be viewed as obstruction of justice.

Although the Special Counsel has declined to reach a conclusion, we think that the Department should reach a judgment on this matter. Under traditional principles of prosecution, the Department either brings charges or it does not. Because the Department brings charges against an individual only where the admissible evidence would support the proof of such charges beyond a reasonable doubt, any uncertainty concerning the facts or the law underlying a proposed prosecution ultimately must be resolved in favor of that individual. That principle does not change simply because the subject of the investigation is the President. Although the Special Counsel recognized the unfairness of levying an accusation against the President without bringing criminal charges, the Report's failure to take a position on the matters described therein might be read to imply such an accusation if the confidential report were released to the public. Therefore, we recommend that you examine the Report to determine whether prosecution would be appropriate given the evidence recounted in the Special Counsel's Report, the underlying law, and traditional principles of federal prosecution.



(b) (5)

(b) (5)

(b) (5)



(b) (5)

(b) (5)

(b) (5)



(b) (5)

Subject: *Review of Special Counsel's Report*
Page 9

RECOMMENDATION: We recommend that you conclude that, under the Principles of Federal Prosecution, the evidence developed during the Special Counsel's investigation is not sufficient to establish that the President committed an obstruction-of-justice offense.

APPROVE: *WPBarr*   DATE: 3/24/2019

DISAPPROVE: _____   DATE: _____

OTHER: _____